Commonwealth *v.* Pierce, Appellant.

Argued September 22, 1970. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*John W. Packel,* Assistant Defender, with him *Donald Stern,* Assistant Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *James D. Crawford,* Deputy District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, November 13, 1970:
Judgment of sentence affirmed.

───────

DISSENTING OPINION BY HOFFMAN, J.:
Appellant was found guilty of rape after a jury trial. The defense was alibi. Before the Judge charged the jury, defense counsel submitted a number of points for charge. The court affirmed all points except num-

ber twenty, which read, "[i]t is not necessary for defendant to prove his alibi beyond a reasonable doubt nor by a preponderance of the evidence." Instead, the court charged the jury that "[a]libi is one of the best defenses known under the law. It is simply presenting evidence as a matter of truth to you, that he was somewhere else and obviously could not have been present at the time the crime was committed. *The question is: Has the alibi been proved?* At this point, I must tell you while the Commonwealth must prove its case beyond a reasonable doubt, there is no such burden upon the defense. *The defendant who asserts an alibi, may put on his alibi defense and may prove it by a preponderance of the evidence.* That is our law. Our Courts have said that in consideration of all the evidence in the case, in considering the alibi, it may cause you to have a reasonable doubt, which would result in a verdict of the defendant being found not guilty on the bills of indictment." (emphasis added). Following the jury's verdict, post-trial motions were filed and denied. This appeal followed.

Prior to *Commonwealth v. Bonomo,* 396 Pa. 222, 151 A. 2d 441 (1959), this was an acceptable charge in Pennsylvania. In that case a charge similar to the present one was disapproved. The Supreme Court concluded that the proper course of action would be for the trial judge to make no mention whatsoever as to the necessity of either side to prove or disprove an alibi. The trial court was neither to instruct the jury that defendant had to prove his alibi nor enunciate a standard, be it reasonable doubt or preponderance of the evidence, by which such alibi would have to be established. Rather, the trial judge was merely to charge the jury that the Commonwealth had the burden of proving every essential element of the crime. It would not be necessary for the defendant to prove his alibi;

its mere introduction would be a factor for the jury to consider in determining whether the Commonwealth had established every element of the crime charged. The Court reasoned that "[i]t is because of this never-shifting burden upon the Commonwealth to prove every essential element of the charge it makes against the defendant that it cannot logically be said that the Commonwealth has the burden to prove the presence of such element while the defendant, at the same time, has the burden of proving its absence. Hence, whenever the prosecution relies upon proof that the defendant is present at the commission of the crime, *it cannot be said with any show of reason that the defendant, who asserts he was absent, has any burden of proving it.*" 396 Pa. at 230, 151 A. 2d at 445-46 (emphasis added).

Here, the court below clearly confused the jury by referring to the fact that the defendant had the burden of proving his alibi by a preponderance of the evidence. This error was not mitigated by the subsequent cautioning that the Commonwealth had a continuing duty to prove its case beyond a reasonable doubt. Cf. *Commonwealth v. Noble,* 371 Pa. 138, 88 A. 2d 760 (1952); *Commonwealth v. Reed,* 212 Pa. Superior Ct. 11, 240 A. 2d 390 (1968) (error in jury charge not cured by correcting instruction). Although the judge properly indicated that consideration of the alibi might cause the jury to have a reasonable doubt, the alibi defense referred to was one which the court had indicated to the jury must be proved "by a preponderance of the evidence." With two conflicting standards before it, the jury would be likely to conclude that consideration of the alibi as creating a reasonable doubt was proper only if appellant proved it beyond a preponderance of the evidence.

The confusion created by the jury charge was further aggravated by the fact that the jury was confront-

ed with an exceedingly complex factual situation. The testimony of all the Commonwealth witnesses, including prosecutrix, was vague, irreconcilable, and at times, incredulous. The prosecution's evidence was forcefully contradicted by a number of defense witnesses. Clearly, which party had the burden of proving its version of the facts relating to the alibi was of crucial importance. The jury could easily have been misled from the charge to conclude that they should find appellant guilty if he did not prove his version by a preponderance of the evidence.

The jury, composed of laymen, acquires its legal knowledge from the judge's instructions. Hence, it is essential that they be properly instructed in clear and concise terms. Anything less would be destructive of the jury system. Ambiguous and misleading instructions, in my view, are fundamental error requiring reversal.

The Commonwealth contends that appellant's failure to take a specific exception to the charge prevents our consideration of any errors therein. However, the submission and refusal of appellant's point for charge number twenty adequately preserved this issue for appeal.

I would reverse and remand for a new trial.

CERCONE, J., joins in this dissenting opinion.