Commonwealth *v.* Pierce, Appellant.

480

Argued November 10, 1971. Before JONES, EAGEN, O'BRIEN, ROBERTS and BARBIERI, JJ.

*John W. Packel,* Assistant Defender, with him *Vincent J. Ziccardi,* Defender, for appellant.

*Milton M. Stein,* Assistant District Attorney, with him *Louis A. Perez, Jr.,* Assistant District Attorney, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION BY MR. CHIEF JUSTICE JONES, March 20, 1972:

On May 22, 1970, the appellant was tried before a jury and convicted of rape. Following disposition of post-trial motions, he was sentenced to one to four years' imprisonment. On appeal to the Superior Court, the judgment of sentence was affirmed per curiam over the dissenting opinion of two judges. *Commonwealth v. Pierce,* 217 Pa. Superior Ct. 414, 271 A. 2d 877 (1970). We granted allocatur.

The appellant was accused of raping an eighteen-year old girl in the rear room of a record shop where she had gone after hours to pick up some previously-ordered records. The testimony at trial was conflicting but basically the Commonwealth's position was that the appellant had entered the store, threatened the victim's friend, locked the victim in the back room and

raped her. The appellant testified that, on the night in question, he was at the home of his girl friend, Sandra Gordon, and that he fell asleep while watching television. This alibi testimony was corroborated by Miss Gordon.

The appellant's major contention is that the trial judge's charge to the jury—"the defendant who asserts an alibi, may put on his alibi defense and *may prove it by a preponderance of the evidence*"—(Italics supplied) violates our ruling in *Commonwealth v. Bonomo*, 396 Pa. 222, 151 A. 2d 441 (1959). We do not reach this question, however, since no specific exception was taken to the complained-of portion of the charge. The law is clear that, in the absence of substantial and prejudicial error, an appellate court will not reverse on a point to which no exception or only a general exception was taken, *e.g., Commonwealth v. Butler*, 442 Pa. 30, 272 A. 2d 916 (1971). We find no error here which was so substantial as to prejudice the appellant's right to a fair trial. *Cf., Commonwealth v. Scoleri*, 432 Pa. 571, 579, 248 A. 2d 295 (1968). Even though we deem it improper and incorrect for the trial judge to have charged the jury on alibi as he did here, nevertheless the trial judge afforded counsel full opportunity to suggest corrections at the conclusion of the charge. At counsel's request, the trial judge read a point for charge which accurately stated the law.* Even if the initial error was not completely corrected, defense counsel waived his right to complain by failing to take specific exception to the charge.

Pa. R. Crim. P. 1119(b) expressly provides for specific exception to complained-of portions of the charge,

---

* "The Court: Point 19, Commonwealth has the burden of showing that a rape was committed and that the defendant did the criminal act. Defendant does not have to prove that he was not present during the scene of the crime."

and noncompliance with this rule is excused only where there exists substantial and prejudicial error. There is no such error in a case where counsel has ample opportunity to request correction or take specific exception to an error in the charge but fails to do so.

Appellant also argues that the verdict was not supported by sufficient evidence. We disagree. The well-established principle of law which we follow is: "the test of the sufficiency of the evidence . . . is whether, accepting as true all the evidence and all reasonable inferences therefrom, upon which if believed the jury could properly base its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted [citations omitted]." *Commonwealth v. Chasten*, 443 Pa. 29, 31, 275 A. 2d 305 (1971). We must view the evidence in the light most favorable to the verdict winner, the Commonwealth, and the Commonwealth is entitled to every reasonable inference arising from that evidence. *E.g., Commonwealth v. Rankin*, 441 Pa. 401, 272 A. 2d 886 (1971); *Commonwealth v. Ingram*, 440 Pa. 239, 270 A. 2d 190 (1970). Our examination of the record reveals that there were conflicts in the testimony but as we said in *Rankin*, 441 Pa. at 404: "A mere conflict of testimony does not render the evidence insufficient." The inconsistencies of each witness' testimony were brought out in cross-examination and fairly presented to the jury. Evaluating the credibility of the witnesses, weighing the effects of inconsistent statements on credibility and determining the facts are the tasks of the jury, and we find no reason to overturn its determination. We conclude that there was sufficient evidence of record for the jury to find the appellant guilty of rape.

Appellant's other contentions are devoid of merit.

The order of the Superior Court affirming the judgment of sentence of the Court of Common Pleas of Philadelphia is affirmed.

Mr. Justice EAGEN and Mr. Justice O'BRIEN concur in the result.

The former Mr. Chief Justice BELL and Mr. Justice POMEROY took no part in the consideration or decision of this case.

The former Mr. Justice BARBIERI took no part in the decision of this case.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

I concur in the result because the trial court, by instructing the jury in accordance with defense counsel's Point 19, adequately corrected its previous error.