Opinion by
Watkins, J.,
This is an appeal from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Warren County after conviction in a trial by a jury under the Act of June 24, 1939, 18 P.S. 4502, P. L. 872, §502, Assault and Solicitation to Commit Sodomy.
The facts in this case are as follows:
William McClellan left Warren Borough on September 4, 1970, at approximately 2:00 a.m. and hitchhiked in an easterly direction toward his home in Tiona, Pennsylvania. McClellan obtained a ride from Warren on U.S. Boute 6 to Fix’s Trailer Court where he again began hitchhiking. At approximately 2:30 a.m. a light colored automobile drove past McClellan going in the opposite direction. Five minutes later the automobile returned and the driver, Clair Schnarrs, the appellant, first determined where McClellan was going, Six Mile Boad, and then asked if McClellan would mind if he drove approximately three-quarters of a mile beyond that destination, where he would pick up items and then return to Six Mile Boad. The appellant drove to Four Mile Boad, made a left turn from Boute 6 and traveled approximately one-half mile up the road beyond the homes of permanent residents and into an area of camps. The appellant pulled his car off the *136 road, turned off the motor and lights and then asked McClellan if he had ever been “blown by a guy”. At the time Schnarrs said that, the appellant reached over and touched the pants of McClellan. When McClellan pushed the appellant away, the hook of his pants broke and snapped off. McClellan tried to find the door handle (under the console) in order to leave the car and as he was groping for the door handle the appellant asked him if he wanted to go home. McClellan said “yes” and the appellant then drove McClellan to the Post Office in Tiona where McClellan left the car. The appellant said to McClellan if he ever saw him in Wrarren that he should “holler” at him if he needed a ride. McClellan observed the license number of the vehicle under a street light and when the appellant drove away McClellan then called the Pennsylvania State Police to report the incident.
The pertinent section of The Penal Code charged reads as follows:
“4502. Assault and Solicitation to Commit Sodomy.
“Whoever, unlawfully and maliciously, assaults another with intent to commit sodomy, or solicits, and incites another to permit and suffer such person to commit sodomy with him or her, is guilty of a felony, and upon conviction thereof, shall be sentenced to pay a fine not exceeding one thousand dollars ($1,000.00), or undergo imprisonment, by separate or solitary confinement at labor, not exceeding five (5) years, or both.”
The defendant has a large number of assignments of error directed at the court’s charge. Only a general exception to the charge was made. Rule of Criminal Procedure, Paragraph 1119(b) provides that no portion of the charge nor omission therefrom may be assigned as error unless specific objections are made thereto before the jury retires to deliberate. This rule has been *137 consistently followed unless error or omission is fundamental and basic which is not the case here. Penneys v. Segal, 410 Pa. 308, 189 A. 2d 185 (1963) ; Segriff v. Johnson, 402 Pa. 109, 166 A. 2d 496 (1960).
The defendant contends that there must be a positive response on the part of the victim in order for “solicitation and incite” to be fulfilled. He relies on Commonwealth v. Parsons, 69 Montg. 225 (1952). However, in that case there was no assault coupled with the confrontation as exists here. In the instant case, the defendant might well have been led to believe that the victim would cooperate when he did not object to the drive beyond his destination. In another lower court case, Commonwealth v. Schaller, 72 Pa. D. & C. 459 (Mercer, 1949), wherein the defendant said: “Come here until I suck you off”, the Court found that the defendant’s contention that the Commonwealth must prove incitement to the extent that the effort of solicitation was successful was without merit and said: “Scarcely anyone would seriously contend for such construction of the law. . . . The aim of the statute now under construction was to punish one who seeks to induce another to participate in sodomy. The proposal is interdicted whether it be presented violently or by entreaty or blandishment.”
It is clear from the reading of the statute that a conviction of the offense may be sustained as there has been an assault with intent to commit sodomy or as in the alternative there has been solicitation or inciting of another to persuade such person to commit sodomy. The evidence clearly indicates the existence of an assault and the intent may be inferred under the surrounding circumstances, i.e., statements of the defendant, the time and place of the commission of the acts.
Judgment of sentence affirmed.
Hoffman and Spauldtng, JJ., concur in the result.