## Commonwealth v. Davenport

*Paul Tressler*, Assistant District Attorney, for Commonwealth.

*Samuel Solus*, for defendant.

LOWE, J., January 9, 1973.—On November 29, 1971, defendant proceeded to trial before a jury and the undersigned upon indictments charging riot, riotous destruction of property, assault and battery, aggravated assault and battery, assault and battery with intent to kill, assault by prisoner, carrying a concealed deadly weapon, and conspiracy. Demurrers to all charges excepting assault and battery, assault by prisoner, and conspiracy were sustained at the close of the Commonwealth's case, and verdicts of guilty were returned upon each of those offenses on December 1, 1971.

Motions for a new trial and in arrest of judgment were filed December 2, 1971. They were in the usual, boiler-plate form. Though the right was reserved to file additional reasons or grounds in support of the motions, and granted by the court for a 10 day period following the filing of the notes of testimony and charge, none has in fact been lodged with this court.*

Defendant has appealed from the judgment of sentence imposed upon the indictment charging assault by prisoner. He has not challenged by appeal the convictions for assault and battery or for conspiracy. The crimes of assault and battery, Act of June 24, 1939, P. L. 872, sec. 708, 18 PS §4708, and assault by prisoner, Act of June 24, 1939, P. L. 872, sec. 701.1, as amended, 18 PS §4710.1, are very similar. The

---

* The significance of this failure may be found in Pennsylvania Rule of Criminal Procedure 1123(b).

additional elements essential to the latter charge are that the accused be committed to or confined in any local or county detention facility, jail or prison or any State penal or correctional institution, and that while so committed or confined, with malice aforethought, commit an assault upon another person with a deadly weapon or instrument, or by any means or force likely to produce great bodily injury.

Remembering the principle that following a guilty verdict, the Commonwealth's evidence, both direct and circumstantial, together with all reasonable inferences therefrom are to be taken as true in determining the efficacy of the conviction: Commonwealth v. Oates, 448 Pa. 486 (1972); Commonwealth v. Reid, 448 Pa. 288 (1972); and Commonwealth v. Weaver, 219 Pa. Superior Ct. 274 (1971). The essential facts may be summarized as follows.

Defendant Herman Davenport was an inmate at the Montgomery County Prison on March 27, 1971. At 7 p.m. on that date, Guard John Frisco was in the process of releasing from their cells those prisoners who then enjoyed television privileges. As Mr. Frisco approached defendant's cell and opened the gates which housed two other inmates as well, defendant grabbed his tie and threatened and intimidated him with a metal bed slat which had been rolled at one end to approximate the handle of a knife. Another prisoner approached Mr. Frisco from the rear and held his arms from behind. During the course of the scuffle, Mr. Frisco grabbed the metal bed slat, and in so doing received a ¾ inch laceration of his right hand which did not require suturing. Ultimately, the guard wrenched free, and defendant fled to the kitchen where he was subsequently apprehended and subdued.

Though it be true the Commonwealth is not required to prove its case to an absolute or mathematical cer-

tainty, it is equally sure the evidence advanced on behalf of the prosecution must do more than merely raise a suspicion or surmise of guilt: Commonwealth v. Bailey, 448 Pa. 224 (1972); Commonwealth v. Garrett, 423 Pa. 8 (1966). "In determining the sufficiency of the evidence, be it direct or circumstantial, the test is whether, accepting as true all of the evidence and all reasonable inferences arising therefrom, upon which, if believed, the jury could have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime or crimes of which he has been convicted": Commonwealth v. Whitaker, 440 Pa. 143, 144-145 (1970). See also Commonwealth v. Heasley, 444 Pa. 454 (1971); Commonwealth v. Wrona, 442 Pa. 201 (1971); and Commonwealth v. Weaver, 219 Pa. Superior Ct. 274 (1971). Mere conflicts in the testimony do not render the evidence insufficient to sustain a conviction: Commonwealth v. Pierce, 446 Pa. 479 (1972); Commonwealth v. Rankin, 441 Pa. 401 (1971). Evaluated in accordance with the above-recited postulates, the Commonwealth's evidence adduced in this prosecution amply supports the guilty verdict upon the indictment charging assault by prisoner.

It was clearly established that defendant sought to control Guard Frisco by his necktie and collar, and that he sought to use a metal bed slat, which he had previously fashioned with a makeshift handle made of cloth, to subdue him. Thus an assault and battery was established, and defendant does not contest by appeal his conviction of this charge. To convict defendant of assault by prisoner, malice and the commission of an assault with a deadly weapon or instrument must also be proven beyond a reasonable doubt. Obviously, the jury concluded that the metal bed slat was a deadly weapon or instrument when in the hands of one in-

clined to use it in an offensive manner. The courts have never established an exact definition of a deadly weapon, because virtually any implement may become deadly when offensively employed. "An ax, a baseball bat, an iron bar, a heavy cuspidor, and even a bedroom slipper have been held to constitute deadly weapons under varying circumstances": Commonwealth v. Prenni, 357 Pa. 572, 575 (1947). A determination of whether or not the metal bed slat was in fact a deadly weapon under the circumstances of this prosecution was a factual issue for the jury to determine, and the credibility of the Commonwealth witnesses was an evaluation to be made by the jury: Commonwealth v. Neal, 447 Pa. 452 (1972); Commonwealth v. Williams, 447 Pa. 206 (1972). Concerning the malice, our Supreme Court has observed, "Legal malice exists not only where there is a particular ill will, but also whenever there is a wickedness of disposition, hardness of heart, wanton conduct, cruelty, recklessness of consequences and a mind regardless of social duty." Furthermore, malice "may be found from the attending circumstances . . . When evidence is introduced to overcome or rebut this inference [of specific intent] the question of defendant's intention becomes one for the triers of fact": Commonwealth v. Hornberger, 441 Pa. 57, 61-62 (1970). See also Commonwealth v. Edwards, 448 Pa. 79 (1972); Commonwealth v. Ewing, 439 Pa. 88 (1970).

At the close of the charge to the jury, the trial judge addressed himself to counsel and inquired, "I now ask counsel if they have any suggestions, corrections, amendments, or additions to the charge?" The assistant district attorney replied, "No, Your Honor" and defense counsel responded, "None, Your Honor." Pennsylvania Rule of Criminal Procedure 1119(b) provides: "No portions of the charge nor omissions

therefrom may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate. All such objections shall be made beyond the hearing of the jury." This tacit approval of the charge on the part of the defendant precludes his raising any issue relevant thereto on appeal: Commonwealth v. Pierce, supra; Commonwealth v. Butler, 442 Pa. 30 (1971); Commonwealth v. Martin, 440 Pa. 150 (1970). Though exceptions have been carved out of this general principle of law, e.g., basic or fundamental error which adversely effects the merits or justice of the case, as an improper definition of reasonable doubt as in Commonwealth v. Milliner, 219 Pa. Superior Ct. 359 (1971), and Commonwealth v. Williams, 432 Pa. 557 (1968), they have been very few in number and bottomed upon extraordinary circumstances: Commonwealth v. Harris, 444 Pa. 515 (1971); Commonwealth v. Hallowell, 444 Pa. 221 (1971); Commonwealth v. Jennings, 442 Pa. 18 (1971); Commonwealth v. Rivers, 218 Pa. Superior Ct. 184 (1971); and Commonwealth v. McLean, 213 Pa. Superior Ct. 297 (1968). In summary, it may be said that unless the trial judge committed basic or fundamental error in the charge, even a general exception, which wasn't taken here, will not preserve a question which could have been corrected if brought to the trial court's attention in a timely fashion: Commonwealth v. Didio, 212 Pa. Superior Ct. 51 (1968).

Finally, this court notes the settled disposition of the Supreme Court of Pennsylvania to enforce the rule of criminal procedure in a stringent, nonelastic fashion. Countless decisions have made it abundantly evident that the court is determined its rules are going to have a ring of finality and authority, and that their purposes are not to be eroded or diluted by well intentioned but misguided second-guessing trial or appellate

court judges. See, for example: Commonwealth v. Butler, 448 Pa. 128 (1972); Commonwealth v. Kontos, 442 Pa. 343 (1971); Commonwealth ex rel. Kolodziejski v. Tancredi, 222 Pa. Superior Ct. 436 (1972); and Commonwealth v. Porter, 220 Pa. Superior Ct. 222 (1971). Indeed, as our Supreme Court has observed in considering the very rule here at issue: "Pa. R. Crim. P. 1119(b) expressly provides for specific exception to complained-of portions of the charge, and noncompliance with this rule is excused only where there exists substantial and prejudicial error. There is no such error in a case where counsel has ample opportunity to request correction or take specific exception to an error in the charge but fails to do so": Commonwealth v. Pierce, 446 Pa. 479, supra, at 482-483 (1972). See also Commonwealth v. Schnarrs, 222 Pa. Superior Ct. 134 (1972).

Defendant's motions for a new trial and in arrest of judgment were properly dismissed and the prayers for relief properly denied.