**COMMONWEALTH of Pennsylvania,**
**Appellee,**

**v.**

**Eric Jetson LYONS, Appellant.**

Superior Court of Pennsylvania.

Submitted April 21, 2003.

Filed Sept. 22, 2003.

William C. Van Scyoc, Erie, for appellant.

Bradley H. Foulk, Asst. Dist. Atty., and Damon C. Hopkins, Asst. Dist. Atty., Erie, for Com., appellee.

BEFORE: BOWES, GRACI, and KELLY, JJ.

OPINION BY KELLY, J.:

¶ 1 In this direct appeal, Appellant, Eric Jetson Lyons, challenges his judgment of sentence entered in the Erie County Court of Common Pleas, following his convictions related to the kidnapping, rape, and attempted murder of an eight-year-old girl. Specifically, Appellant asks us to decide,

*inter alia,* whether 42 Pa.C.S.A. § 5985.1, the Tender Years Statute, is unconstitutional on its face or as applied during his trial. We hold that the Tender Years Statute is constitutional because it does not violate a defendant's right to confront his accuser or his right to call witnesses in his favor. Accordingly, we affirm Appellant's judgment of sentence.

¶ 2 The relevant facts and procedural history are as follows. On February 15, 2001, Appellant took M.R., an eight-year-old girl, from her bed at knifepoint while her mother slept in another room. After driving to an unknown location, Appellant raped, sodomized, and strangled M.R. with a ligature. Later that night, M.R. awoke in a snowbank, bound with the ligature and unable to walk. She crawled to a fence where she was discovered by truck drivers, who summoned aid.

¶ 3 An ambulance took M.R. to St. Vincent's Hospital in Erie, Pennsylvania, where she underwent surgery to reconstruct her vagina and anus. She was hospitalized for another ten days and then transferred to a rehabilitation facility.

¶ 4 In the early morning hours following the night of the attack, M.R. made statements describing the attack and her attacker to a police officer and her mother. Five days later, M.R. assisted an FBI sketch artist in creating a composite drawing of her attacker—a black man with a goatee. M.R. began working with a therapist on February 28th, 2001, and during the next several weeks of therapy offered very detailed statements regarding the attack.

¶ 5 On February 23rd, 2001, Appellant was charged with attempted murder, rape, involuntary deviant sexual intercourse, aggravated indecent assault, indecent assault, aggravated assault, kidnapping, interference with custody of a child, possessing instruments of crime, terroristic threats, burglary, statutory sexual assault, corruption of minors, unlawful restraint, and recklessly endangering another person.[1] The court appointed counsel ("Pre–Trial Counsel") to represent Appellant. Pre–Trial Counsel represented Appellant through his omnibus pre-trial motion. Following the disposition of his pre-trial motion, Appellant dismissed Pre–Trial Counsel and was permitted to proceed to trial *pro se.*

¶ 6 At trial, a police officer, a psychologist, FBI agents, and M.R.'s mother all testified to out of court statements made by M.R. These statements were admitted as exceptions to the hearsay rule under the Tender Years Statute.[2] The Commonwealth also presented extensive physical evidence and expert testimony linking Appellant to the victim and the crime scene. On November 15, 2001, the jury found Appellant guilty of fifteen offenses related to the kidnapping, rape, and attempted murder of M.R. At Appellant's request, new counsel ("Sentence Counsel") was appointed to represent Appellant for sentencing. On January 30, 2002, the court sentenced Appellant to an aggregate term of incarceration of seventy-nine (79) years, two (2) months to one hundred fifty-eight (158) years, four (4) months.

---

1. 18 Pa.C.S.A. §§ 901, 2501, 2502; 18 Pa.C.S.A. § 3121(a)(1), (3), (6); 18 Pa.C.S.A. § 3123(a)(1), (3), (6); 18 Pa.C.S.A. § 3125(a)(2), (4).(7); 18 Pa.C.S.A. § 3126(a)(2), (4), (7); 18 Pa.C.S.A. § 2702(a)(1), (4); 18 Pa.C.S.A. § 2901(a)(2), (3); 18 Pa.C.S.A. § 2904; 18 Pa.C.S.A. § 907; 18 Pa.C.S.A. § 2706; 18 Pa.C.S.A. § 3502(a); 18 Pa.C.S.A. § 3122.1; 18 Pa.C.S.A. § 6301; 18 Pa.C.S.A. § 2902; and 18 Pa.C.S.A. § 2705, respectively.

2. 42 Pa.C.S.A. § 5985.1.

¶ 7 Due to a conflict of interest, Sentence Counsel withdrew representation of Appellant. Appellant then received new counsel ("Post–Sentence Counsel"), who proceeded to file post-trial motions.

¶ 8 After the court denied Appellant's post-trial motions, Appellant sought to dismiss Post–Sentence Counsel, again electing to proceed *pro se*. After a hearing, the court allowed Post–Sentence Counsel to withdraw on July 7, 2002, and permitted Appellant to proceed *pro se* on direct appeal. This *pro se* appeal followed.

¶ 9 Appellant raises the following issues for our review:

[IS THE TENDER YEARS STATUTE UNCONSTITUTIONAL BECAUSE] APPELLANT HAS AN INHERENT RIGHT BOURNE [SIC] WITHIN THE CONSTITUTION TO FACE HIS ACCUSER AT TRIAL, TO CROSS–EXAMINATION, AND TO PRESENT A COMPLETE DEFENSE[?]

[IS THE TENDER YEARS STATUTE UNCONSTITUTIONAL BECAUSE] APPELLANT HAS A FUNDAMENTAL RIGHT TO HAVE COMPULSORY PROCESS TO CALL WITNESSES IN HIS FAVOR TO TESTIFY AT TRIAL PURSUANT TO THE SIXTH AND FOURTEENTH AMENDMENTS OF UNITED STATES CONSTITUTION AND ARTICLE I, SECTION IX OF PENNSYLVANIA CONSTITUTION[?]

TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY FAILING TO OBSERVE OR QUESTION CHILD WITNESS IN OR OUTSIDE CHAMBERS TO DETERMINE VALIDITY OF HEARSAY BEFORE ADMITTING STATEMENTS INTO EVIDENCE[?]

TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY DECLARING CHILD WITNESS UNAVAILABLE TO TESTIFY AT TRIAL PRIMARILY DUE TO SUBJECTIVE FEARS AND UNWILLINGNESS TO DISCUSS EVENTS[?]

TRIAL COURT ERRED BY ADMITTING OUT–OF–COURT HEARSAY STATEMENTS CHILD WITNESS MADE TO MAGGIE KUHN, JUDY SMITH, DENISE VALENTINE, DARLENE GONZALES, AND JOSEPH EMERICK, COURT DID NOT HOLD IN CAMERA HEARING AND STATEMENTS DID NOT FALL WITHIN EXCEPTIONS TO THE HEARSAY RULES[?]

TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION BY PRECLUDING APPELLANT FROM PRESENTING A DEFENSE AND BEING HEARD IN CHALLENGING COMMONWEALTH'S EVIDENCE BEFORE THE JURY[?]

TRIAL COURT ERRED BY EXCLUDING KEY ALIBI WITNESSES FROM TESTIFYING AT TRIAL DUE TO APPELLANT'S UNWILLFUL FAILURE TO PROVIDE TIMELY NOTICE OF INTENT TO OFFER SUCH WITNESSES AT TRIAL[?]

JURY VERDICT OF GUILTY WAS AGAINST WEIGHT OF EVIDENCE BASED PRIMARILY ON HEARSAY OF CHILD WITNESS AND COMMONWEALTH'S FAILURE TO PROVE MAIN ELEMENT OF ALL CHARGES BEYOND REASONABLE DOUBT[?]

(Appellant's Brief at 2–4).[3]

¶ 10 As a prefatory matter, although this Court is willing to construe

---

**3.** We have taken Appellant's issues from the table of contents of his brief on appeal because his "Statement of Questions Involved" bears no relation to the argument section of

liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. *Commonwealth v. Maris,* 427 Pa.Super. 566, 629 A.2d 1014, 1017 n. 1 (1993). Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. *Id.* This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure. *Id.;* Pa.R.A.P. 2101. For example,

> The argument [section] shall be divided into as many parts as there are questions to be argued; and shall have as the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a).

¶ 11 In the instant case, the defects in Appellant's brief are substantial. The statement of the twelve "Questions Involved" bears no relation to the eight sections of the argument or the divisions within the argument. *See* Pa.R.A.P. 2116, 2119. Appellant's forty-six page argument is rambling, repetitive and often incoherent. *See* Pa.R.A.P. 2119. Nonetheless, in the interest of justice we address the arguments that can reasonably be discerned from this defective brief.

¶ 12 Appellant first argues that the Tender Years Statute is unconstitutional because it interferes with the fundamental right of an accused person to confront the witnesses against him. The court applied the Tender Years Statute to allow various witnesses to testify to statements made by M.R. concerning the crime. Because M.R. was not available in court, Appellant submits he was unconstitutionally prevented

from challenging these statements, which were used to convict him. For these reasons, Appellant concludes he is entitled to a new trial. We disagree.

¶ 13 When reviewing a challenge to the constitutionality of a statute:

> Initially, we note that a statute is presumed constitutional when it is lawfully enacted and will only be considered unconstitutional if it clearly, palpably and plainly violates the constitution. Furthermore, a party challenging the constitutionality of an act of the General Assembly has a "heavy burden" of persuasion to sustain his claim.

*Commonwealth v. Hanawalt,* 419 Pa.Super. 411, 615 A.2d 432 (1992) (internal citations omitted). The Tender Years Statute specifically provides, in relevant part:

**Admissibility of certain statements**

**(a) General rule.**—An out-of-court statement made by a child victim or witness, who at the time the statement was made was 12 years of age or younger, describing physical abuse, indecent contact or any of the offenses enumerated in 18 Pa.C.S. Ch. 31 (relating to sexual offenses) performed with or on the child by another, not otherwise admissible by statute or rule of evidence, is admissible in evidence in any criminal or civil proceeding if:

> (1) the court finds, in an *in camera* hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient *indicia* of reliability; and
>
> (2) the child either:
>
>> (i) testifies at the proceeding; or
>>
>> (ii) is unavailable as a witness.

**(a.1) Emotional distress.**—Before the court makes a finding under subsection

his brief. The issues are presented in the

order addressed by this Court.

(a)(2)(ii), the court must determine, based on evidence presented to it, that testimony by the child as a witness will result in the child suffering serious emotional distress such that the child cannot reasonably communicate. In making this determination, the court may do all of the following:

(1) Observe and question the child victim or child material witness, either inside or outside the courtroom.

(2) Hear testimony of a parent or custodian or any other person, such as a person who has dealt with the child victim or child material witness in a medical or therapeutic setting.

42 Pa.C.S.A. § 5985.1.

¶ 14 This Court has previously addressed the constitutionality of the Tender Years Statute as it relates to the Confrontation Clause. In *Hanawalt, supra,* this Court noted that the Confrontation Clause of the Sixth Amendment to the United States Constitution does bar the admission of some evidence otherwise admissible under an exception to the hearsay rule. Likewise, the Pennsylvania Constitution provides that in all criminal prosecutions, the accused has a right to meet the witness "face to face." *Id.* Thus, when a witness is unavailable, her out of court statement must either fall within a firmly rooted hearsay exception or be supported by particularized guarantees of trustworthiness to satisfy the *"indicia* of reliability" standard and comport with the Confrontation Clause. *Id.* (citing *Idaho v. Wright,* 497 U.S. 805, 110 S.Ct. 3139, 111 L.Ed.2d 638 (1990)). Firmly rooted exceptions to the hearsay rule do not violate the confrontation clause's mandate of reliability because the truth of the declarant's statement is so clear from the surrounding circumstances that the test of cross-examination would add little to its reliability. *Id.* at 435.

¶ 15 The Tender Years Statute, however, is too recent to be considered a firmly rooted exception to the hearsay rule. *Id.* Evidence admitted under the Tender Years Statute must therefore be proven admissible by "particularized guarantees of trustworthiness" as adduced from the totality of the circumstances surrounding the out-of-court statement made by the child victim. *Id.* Because the Tender Years Statute mirrors this language in its requirement that "the time, content and circumstances of the statement provide sufficient *indicia* of reliability," the statute fulfills these mandates. *Id.* Accordingly, this Court held that the Tender Years Statute is constitutional insofar as it does not violate Appellant's right to confront the witnesses against him under either the Sixth Amendment of the U.S. Constitution or Article I, Section 9 of the Pennsylvania Constitution. *Id.*

¶ 16 Appellant next argues the Tender Years Statute is unconstitutional because it operated to deny him his fundamental right to compulsory process to call witnesses in his favor. Appellant notes that the Sixth Amendment to the United States Constitution and Article I, Section 9 of the Pennsylvania Constitution guarantee him the right to call witnesses in his favor. Appellant claims that M.R., the child victim, has never identified him and would exonerate him if given the opportunity. Appellant concludes that the Commonwealth inappropriately used the Tender Years Statute to preclude him from calling a witness in his favor, violating his rights under the state and federal constitutions. We disagree.

¶ 17 Under both the Pennsylvania and federal constitutions, a criminal defendant has a right to compulsory process to obtain witnesses in his favor. *Commonwealth v. Allen,* 501 Pa. 525, 531,

462 A.2d 624, 627 (1983). However, this right is qualified to the extent of existing testimonial privileges of witnesses, such as the privilege against self-incrimination. *Id.* (citing *Washington v. Texas,* 388 U.S. 14, 23 n. 21, 87 S.Ct. 1920, 1925 n. 21, 18 L.Ed.2d 1019, 1025 n. 21 (1967)). The right to compulsory process guarantees a defendant the process to obtain witnesses in his favor but does not grant him the right to secure the attendance of any and all witnesses. *Commonwealth v. Williams,* 537 Pa. 1, 640 A.2d 1251 (1994).

¶ 18 In *Washington,* the United States Supreme Court addressed a Texas statute that barred all co-defendants from testifying on a defendant's behalf. *Washington, supra* at 14, 87 S.Ct. at 1920, 18 L.Ed.2d at 1019. The Court held this statute was arbitrary because it prevented whole categories of defense witnesses from testifying on the basis of *a priori* categories that presumed them to be unworthy of belief. *Id.* at 23, 87 S.Ct. at 1925, 18 L.Ed.2d at 1025. The Supreme Court concluded the defendant "was denied his right to have compulsory process for obtaining witnesses in his favor because the state **arbitrarily** denied him the right to put on the stand a witness **who was physically and mentally capable of testifying to events that he had personally observed."** *Id.* (emphasis added).

¶ 19 The Tender Years Statute requires that an *in camera* hearing take place to determine whether a child witness is unavailable to testify. 42 Pa.C.S.A § 5985(a.1). At this hearing, the court must make a specific determination as to whether the child would be able to communicate reasonably as a witness at trial. Any statement admitted under the Tender Years Statute "must possess sufficient *indicia* of reliability, as determined from the time, content, and circumstances of its making." *Commonwealth v. O'Drain,* 829

A.2d 316 (Pa.Super.2003). The mandates of this act differ substantially from the *Washington* statute, which arbitrarily rendered all co-defendants incompetent to testify for one another without any type of individualized determination of their availability. *Washington, supra.* In *Washington,* the Supreme Court explicitly held that its decision did not deal with **non-arbitrary** state rules disqualifying witnesses who, because of mental infirmity or infancy, are incapable of observing events or testifying about them. *Id.* at 23 n. 21, 87 S.Ct. at 1925 n. 21, 18 L.Ed.2d at 1025 n. 21 (emphasis added). Because the Tender Years statute *requires a hearing and an* individualized determination of competence prior to finding a witness unavailable, it is not an arbitrary rule disqualifying an otherwise mentally competent witness. *See id.* To the contrary, the mandatory Tender Years hearing ensures a competent and otherwise available witness will not be arbitrarily made unavailable. *See id.* Accordingly, we conclude the Tender Years Statute is constitutional under the 6th Amendment to the U.S. Constitution and Article I, Section 9 of the Pennsylvania Constitution, insofar as it relates to a defendant's right to call witnesses in his favor. *See id.; Allen, supra.*

¶ 20 Appellant next argues the trial court abused its discretion by misapplying the Tender Years Statute. Appellant believes the court has an obligation to at least question the witness to inquire if she was subjected to suggestive interrogation. We disagree.

¶ 21 The Tender Years Statute specifies that prior to concluding a child witness is unavailable, a court must determine whether forcing the child to testify will result in such serious emotional distress to the child that she will not be able to reasonably communicate. 42 Pa.C.S.A. 5985.1(a.1). To reach this determination,

the court "may" either question the child witness or hear testimony of a parent or person who has dealt with the child in a therapeutic setting. 42 Pa.C.S.A. § 5985.1(a.1)(2).

¶ 22 In the present case, the trial court conducted an *in camera* hearing to determine whether M.R. was available to testify as a witness at trial. At this hearing, Appellant cross-examined Dr. Judy Smith regarding her assessment of M.R.'s mental state and ability to appear at trial. (N.T. Tender Years Hearing, 11/2/01, at 117–48). Dr. Smith testified that after having worked with M.R. for over forty sessions in a therapeutic setting, it was her opinion that if M.R. were brought into court she would suffer emotional distress to the extent she would be unable to reasonably communicate. (*Id.* at 140–48). We conclude the trial court met its burden under Section 5985.1(a.1)(2) by hearing the testimony of Dr. Smith, a person who has dealt with the child victim in a therapeutic setting, prior to finding M.R. unavailable to testify at trial. Therefore, the trial court did not abuse its discretion by failing to question M.R. directly in this context. *See* 42 Pa.C.S.A § 5985.1(a.1).

¶ 23 Appellant additionally argues the trial court abused its discretion by finding that the child victim's "subjective fears" were sufficient to render her unavailable as a witness. However, we have already determined the trial court did not abuse its discretion when it concluded that M.R. would suffer emotional distress to the extent she would be unable to reasonably communicate if she were brought into court to testify. Accordingly, Appellant's issue is without merit.

¶ 24 Appellant next argues the statements M.R. made to police officer Maggie Kuhn, Dr. Judy Smith, Denise Valentine, Darlene Gonzales, and Lieutenant Joseph Emerick did not qualify as exceptions to the hearsay rule pursuant to the Tender Years Statute. Therefore, Appellant concludes these statements were inadmissible hearsay and the trial court erred by admitting them into evidence. We disagree.

¶ 25 Questions concerning the admissibility of evidence lie within the sound discretion of the trial court. *Commonwealth v. Chmiel,* 558 Pa. 478, 738 A.2d 406 (1999), *cert. denied,* 528 U.S. 1131, 120 S.Ct. 970, 145 L.Ed.2d 841 (2000). We will not reverse the trial court's decision on such a matter absent a clear abuse of discretion. *Id.*

¶ 26 The Tender Years Statute allows statements made by a child victim of sexual assault to be admitted into evidence, if the statements are relevant and sufficiently reliable. *Hanawalt, supra* at 436. The main consideration for determining when hearsay statements made by a child witness are sufficiently reliable is whether the child declarant was particularly likely to be telling the truth when the statement was made. *Id.* at 498, 615 A.2d 432 (citing *Idaho, supra*). Factors to consider when making the determination of reliability include, but are not limited to, the spontaneity and consistent repetition of the statement(s); the mental state of the declarant; and, the lack of motive to fabricate. *Id.*

¶ 27 We address the statements made by M.R. to each witness individually. The statements M.R. made to Margaret Kuhn were in response to open-ended questions and were made in the days following the incident. (Trial Court Opinion, dated June 13, 2001, at 7–11). The trial court also determined the victim had no reason to lie about what had happened to her or who the perpetrator was. (*Id.*) The statements were relevant because they described the attack. Therefore, we accept the trial court's conclusion that

Margaret Kuhn's testimony regarding M.R.'s statements was properly admitted into evidence in accordance with the Tender Years Statute. *See Hanawalt, supra.*

¶ 28 M.R. also made statements in response to open-ended questions posed by Dr. Judy Smith, describing the assault at a time when she was still recovering from the attack. (Trial Court Opinion at 12). There is no evidence that M.R. had a reason to lie to Dr. Smith. The statements are relevant because they describe Appellant's attack. Thus, we agree with the trial court that Dr. Smith's testimony regarding M.R.'s statements was properly admitted into evidence. *See Hanawalt, supra.*

¶ 29 The statement M.R. made to special agent Denise Valentine, which described M.R.'s attacker, was deemed reliable because it was made shortly after the incident and was not prompted by Ms. Valentine. The statement was relevant because it described the attack. Thus, we agree with the trial court that Ms. Valentine's testimony regarding M.R.'s statements was properly admitted into evidence. *See id.*

¶ 30 M.R.'s statements to her mother describing the assault were in response to open-ended questions posed by her mother and Dr. Smith during M.R.'s psychological counseling sessions. These statements were consistent with the physical injuries M.R. sustained during the attack. These statements are relevant because they describe the assault and the nature of M.R.'s injuries.

¶ 31 M.R.'s mother also testified that M.R. spontaneously shouted out and crawled from her wheelchair in reaction to footage of Appellant on a television news program. The statement is relevant because it identifies M.R.'s attacker and reliable because it was made in response to M.R.'s immediate distress at seeing her attacker on television. Therefore, we agree with the trial court that M.R.'s mother's testimony regarding M.R.'s statements was properly admitted into evidence in accordance with the Tender Years Statute. *See id.*

¶ 32 Lieutenant Emerick presented M.R. with photographs of items found in Appellant's car and a photo lineup, which included a picture of Appellant. M.R. identified some of the items as belonging to her attacker, but replied, "I don't know" when asked if the attacker was one of the men in the photos. (Trial Court Opinion at 11). There is no evidence of record to suggest that M.R. had a reason to lie to Lieutenant Emerick. Lieutenant Emerick's testimony regarding items M.R. identified as belonging to Appellant was relevant because it helped to identify her abductor. *Id.* Therefore, we conclude the trial court properly admitted Lieutenant Emerick's statements into evidence in accordance with the Tender Years Statute.

¶ 33 Appellant's next argument is that the trial court should not have precluded him from cross-examining Nurse Catherine Leopold to his satisfaction. Appellant contends he was unable to reveal to the jury that he had been beaten during his blood draw for DNA analysis purposes, and that blood and hair samples were forcefully taken from him, because the trial court impermissibly curtailed his cross-examination of Ms. Leopold. This testimony, he insists, would have cast doubt on the veracity of the DNA evidence against him. Therefore, he concludes, he was not allowed to present a complete defense and was not afforded due process. We disagree.

¶ 34 Here, Appellant's claims are belied by the record. The trial court did not

prevent Appellant from cross-examining this witness, and Appellant did so at length. (N.T. Trial, 11/10/01, at 118). While the prosecution objected that Appellant's attempt to prove he had been roughly treated while his blood was taken had already been addressed in the pretrial hearing, this objection was not sustained and Appellant's questioning of the witness continued. The witness then proceeded to deny Appellant's version of the events surrounding his blood draw. (*Id.*) On the face of the record, Appellant's issue is without merit.

¶ 35 Appellant also argues that the trial court improperly precluded him from calling certain alibi witnesses, because Appellant did not provide proper notice of their appearance at trial. Appellant asserts the Commonwealth knew he had intended to call these witnesses to establish an alibi defense. Thus, Appellant concludes his failure to provide proper notice should have been excused, and the alibi witnesses should have been allowed to testify at trial. We disagree.

¶ 36 This Court has previously addressed the reasons for requiring notice of alibi witnesses as follows:

The Rules of Criminal Procedure provide that a defendant who intends to present a defense of alibi must file a notice of intention to claim the defense. Pa.R.Crim.P. [573(c)(1)(a) ].[4] The notice must specify the place or places where defendant claims to have been at the time the offense was committed as well as the names and addresses of witnesses who will testify to support the defense. *Id.* The purpose of the Rule is to insure "both the defendant and the State ample opportunity to investigate certain facts crucial to the determination of guilt or innocence." *Commonwealth v. Fernan-*

*dez,* 333 Pa.Super. 279, 289, 482 A.2d 567, 572 (1984) (quoting *Williams v. Florida,* 399 U.S. 78, 82, 90 S.Ct. 1893, 1896, 26 L.Ed.2d 446 (1970)). Rule [573] further provides that

If the defendant fails to file and serve notice of alibi defense...the court at trial may exclude entirely any evidence offered by the defendant for the purpose of proving the defense, except testimony by the defendant, or may grant a continuance to enable the Commonwealth to investigate such evidence, or may make such other order as the interests of justice require.

*Id.* at [573(c)(1)(d) ].

*Commonwealth v. Anthony,* 376 Pa.Super. 623, 546 A.2d 1122, 1124 (1988).

¶ 37 Here, the trial court excluded the testimony of George Lyons and Joan Edenfield, because Appellant had not notified the Commonwealth he planned to offer their testimony as an alibi defense until two days into the actual trial. Under these circumstances, the court certainly had discretion to exclude these witnesses. *See* Pa.R.Crim.P. 573(C)(1)(a). Therefore, we see no reason to disturb the trial court's decision to preclude the testimony of these witnesses.

¶ 38 Finally, Appellant purports to raise a weight of the evidence claim. Essentially, Appellant reasserts that M.R.'s statements should have been excluded and that all of the physical evidence connecting him to the victim was "questionable." He concludes the Commonwealth did not establish his contact with the victim. Therefore, Appellant believes the Commonwealth has not met its burden of proving each element of the offense beyond a reasonable doubt. We disagree.

4. Formerly Pa.R.Crim.P. 305(C)(1)(a).

**258**

¶ 39 The distinction between a claim challenging the sufficiency of evidence and a claim challenging the weight of evidence is critical. *Commonwealth v. Widmer,* 560 Pa. 308, 318, 744 A.2d 745, 751 (2000). A motion for a new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict but claims that "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.* at 319, 744 A.2d at 751-52 (internal citations omitted). A claim challenging the sufficiency of the evidence, however, asserts that there is insufficient evidence to support at least one material element of the crime for which Appellant has been convicted. *Id.*

¶ 40 In the present case, Appellant's assertion is that there was not enough evidence to support his convictions. Appellant is therefore addressing the sufficiency, not the weight, of the evidence. *See Widmer, supra* at 751-52. Thus, we will address this claim accordingly.

¶ 41 In examining a challenge to the sufficiency of the evidence, we must determine whether, viewing all the evidence admitted at trial in the light most favorable to the Commonwealth, there is sufficient evidence to enable the fact finder to find every element of the crime beyond a reasonable doubt. *Commonwealth v. Gooding,* 818 A.2d 546, 549 (Pa.Super.2003) (citing *Commonwealth v. DiStefano,* 782 A.2d 574, 582 (Pa.Super.2001), *appeal denied,* 569 Pa. 716, 806 A.2d 858 (2002)). The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. *Commonwealth v. Morgan,* 425 Pa.Super. 344, 625 A.2d 80, 82 (1993), *appeal denied,* 535 Pa. 667, 634 A.2d 1115 (1993) (citations

omitted). The established facts and circumstances do not have to be absolutely incompatible with the accused's innocence, but any doubt is for the factfinder unless the evidence is so weak and inconclusive that no probability of fact can be drawn from the totality of the circumstances as a matter of law. *Commonwealth v. Morales,* 447 Pa.Super. 491, 669 A.2d 1003 (1996) (citing *Commonwealth v. Govens,* 429 Pa.Super. 464, 632 A.2d 1316, 1328 (1993) (*en banc*), *appeal denied,* 539 Pa. 675, 652 A.2d 1321 (1994)).

¶ 42 Existence of inconsistencies in the testimony of a witness does not alone render evidence insufficient to support a verdict. *Commonwealth v. Long,* 425 Pa.Super. 170, 624 A.2d 200, 208 (1993), *appeal denied,* 535 Pa. 645, 633 A.2d 150 (1993) (internal citation omitted). *See also Commonwealth v. Pierce,* 446 Pa. 479, 288 A.2d 807 (1972) (holding where inconsistencies of each witness's testimony were brought out in cross-examination and fairly presented to jury, mere conflict in testimony does not render evidence insufficient). Further, "the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses." *Commonwealth v. Bishop,* 742 A.2d 178, 186 (Pa.Super.1999), *appeal denied,* 563 Pa. 638, 758 A.2d 1194 (2000) (internal citations and quotation marks omitted).

¶ 43 In the instant case, the evidence connecting Appellant to the victim included his resemblance to the composite drawing, his ownership of a blue-green Buick LeSabre with tan interior, and his age of thirty-seven years, all of which are attributes of the attacker as described by M.R. prior to Appellant's identification as a suspect. (N.T. Trial, 11/9/01, at 107, 123-34). When arrested, Appellant was wearing green sweatpants under his pants instead of underwear, just as M.R. had

previously described. (*Id.* at 152). Additionally, investigators found red fibers matching the victim's sweatpants in Appellant's car. (N.T. Trial, 11/10/01, at 22–25, 33–34). Investigators also identified pubic hairs matching Appellant's DNA in M.R.'s underwear and on the ligature allegedly used to strangle her. (N.T. Trial, 11/12/01, at 47–49, 107). In light of the overwhelming evidence connecting Appellant with this heinous crime, we conclude the evidence was sufficient to support Appellant's convictions. *See Gooding, supra; Bishop, supra.*

¶ 44 Even if we were to view Appellant's issue as a weight of the evidence challenge, this claim would lack merit. The standard for evaluating the weight of the evidence is well established:

[O]ur scope of review for such a claim is very narrow. The determination of whether to grant a new trial because the verdict is against the weight of the evidence rests within the discretion of the trial court, and we will not disturb that decision absent an abuse of discretion. Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the trial court. The weight to be accorded conflicting evidence is exclusively for the fact finder, whose findings will not be disturbed on appeal if they are supported by the record. A claim that the evidence presented at trial was contradictory and unable to support the verdict requires the grant of a new trial only when the verdict is so contrary to the evidence as to shock one's sense of justice.

*Commonwealth v. Griffin,* 453 Pa.Super. 657, 684 A.2d 589, 596 (1996) (internal citations omitted). Where evidence conflicts, it is the sole province of the fact finder to determine credibility and to be-

lieve all, part or none of the evidence. *Commonwealth v. Hlatky,* 426 Pa.Super. 66, 626 A.2d 575 (1993), *appeal denied,* 537 Pa. 663, 644 A.2d 1200 (1994).

¶ 45 Here, the trial court addressed Appellant's claim as follows:

Third, [Appellant] argues the verdict was against the weight of evidence as to all charges. He argues that the verdicts were based upon hearsay statements which were improperly admitted. For the reasons already stated, this court found the hearsay testimony was admissible. Additionally, there was other evidence in addition to the hearsay testimony to support the conviction. A pubic hair found in the victim's underwear matched [Appellant's] mitochondrial DNA; [Appellant's] boot prints were found outside the victim's home and at the scene where she was found; fibers found in [Appellant's] car matched sweat pants belonging to the victim; testimony that [Appellant] was seen in the victim's neighborhood. The evidence in this case was overwhelming. The guilty verdicts were not against the weight of the evidence.

(Trial Court Opinion, dated June 13, 2002, at 7). We conclude the trial court properly determined that Appellant's convictions were not against the weight of the evidence. *See Griffin, supra.* Thus, this claim lacks merit.

¶ 46 Based on the foregoing, we hold, *inter alia,* the Tender Years Statute does not violate Appellant's constitutional right to confront his accuser or to call witnesses in his favor. Accordingly, we affirm Appellant's judgment of sentence.

¶ 47 Judgment of sentence affirmed.