J-S31038-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :        PENNSYLVANIA
                                        :
               v.                    :
                                          :
                                          :
JANEER REDD                      :
                                        :
            Appellant          :    No. 24 EDA 2024

Appeal from the Judgment of Sentence Entered October 30, 2023
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004325-2022

BEFORE: BOWES, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY BECK, J.:             **FILED NOVEMBER 18, 2024**

Janeer Redd ("Redd") appeals from the judgment of sentence imposed by the Delaware County Court of Common Pleas ("trial court") after his convictions of rape of an unconscious person, involuntary deviate sexual intercourse ("IDSI"), sexual assault, indecent assault of an unconscious person, and simple assault.[1] On appeal, Redd challenges the sufficiency and weight of the evidence to support his rape of an unconscious person, IDSI, and sexual assault convictions. After careful review, we affirm.

In August 2022, Danisha Dale ("Dale") was sporadically living at 1205 Clover Lane in Chester, Delaware County ("Clover Lane house"), in which Redd and his daughter were residents. The Clover Lane house was owned by Redd's

_____

[1] 18 Pa.C.S. §§ 3121(a)(3), 3123(a)(3), 3124.1, 3126(a)(4), 2701(a)(1).

mother. Dale did not have a designated bedroom but would sleep on an open bed or couch when staying there. She spent the night of August 8, 2022, at the Clover Lane house. When she awoke on August 9, 2022, Dale and a friend went to her aunt's house to engage in day drinking. After having several drinks, Dale became intoxicated; she was subsequently dropped off at the Clover Lane house at approximately 3:00 p.m. Dale fell asleep in Redd's daughter's bedroom. She was wearing a two-piece yoga outfit without underwear, and she was using a tampon because she had her period at that time.

Later, Dale woke up lying on her back, with her shorts pulled down to her knees, her tampon removed, and Redd on top of her, forcibly performing oral sex on her. Dale immediately began to struggle. At the same time, Dale initiated a video call with her mother, who saw Redd on top of Dale and heard Dale yelling for Redd to get off her. During the struggle, Redd struck Dale on her lower lip causing her to bleed. Once she freed herself, Dale then exited the Clover Lane house and called the police, telling the operator that she awoke to Redd kissing her vagina.

When police arrived on the scene, they photographed Redd's daughter's bedroom and found a used tampon on the floor. Police arrested Redd, and the Commonwealth charged him with above-mentioned crimes. Redd waived a jury trial, and the case proceeded to a bench trial, following which the trial judge found Redd guilty on all counts. The trial court subsequently sentenced

Redd to an aggregate term of five to ten years of incarceration followed by one year of probation.[2] Redd filed a timely post-sentence motion raising a challenge to the weight of the evidence to support his convictions. The trial court denied the motion. Redd timely appeal, raising the following question for our review: "Was there sufficient evidence presented at the time of [t]rial to convict [Redd] of Count 1 - Rape of Unconscious Victim, Count 2 - IDSI Person Unconscious, Count 3 - Sexual Assault, and Count 4 - Indecent Assault Person Unconscious?" Redd's Brief at 4.

Redd challenges the sufficiency of the evidence to support his rape, IDSI, sexual assault, and indecent assault convictions. *Id.* at 7. He premises his entire argument on his contention that he did not have any sexual contact with Dale, noting that his DNA was not found on Dale's person. *Id.* at 11. Pointing to his own testimony, Redd notes that Dale physically assaulted him and that he called the police to report that assault. *Id.* at 10-11.

A challenge to the sufficiency of the evidence requires that the Court view the evidence presented in support of the convictions in the light most favorable to the Commonwealth. ***Commonwealth v. Montalvo***, 956 A.2d

_____

[2] More specifically, the trial court sentenced Redd to five to ten years of incarceration for rape of an unconscious person, IDSI, and sexual assault, finding the IDSI and sexual assault sentences merged with the rape sentence. The trial court also sentenced Redd to concurrent one-year probationary terms for the indecent assault of person unconscious and simple assault convictions. The trial court imposed the probationary term consecutive to the prison sentence.

926, 932 (Pa. 2008). Where the jury hears conflicting evidence and nonetheless convicts the defendant, we will find the evidence sufficient as long as there was proof of every element presented. *Commonwealth v. Pierce*, 288 A.2d 807, 809 (Pa. 1972). Our review of Redd's argument reveals that he is not, in fact, challenging the sufficiency of the evidence to support his convictions, as he bases his claim entirely on the credibility of his own testimony. In this respect, Redd "conflates the concepts of sufficiency and weight of the evidence." *Commonwealth v. Juray*, 275 A.3d 1037, 1043 (Pa. Super. 2022). Our review of a challenge to the sufficiency of the evidence to support a conviction "does not include an assessment of [the] credibility of testimony;" such arguments "are more properly characterized as challenges to weight of evidence." *Id.* Therefore, Redd's claim is "more properly construed as a challenge to the weight of the evidence." *Id.* at 1044.

Because Redd failed to advance any argument in support of a challenge to the sufficiency of the evidence, it is waived. *Commonwealth v. Williams*, 959 A.2d 1252, 1257–58 (Pa. Super. 2008). Further, as Redd failed to preserve a claim challenging the weight of the evidence in his statement of questions involved in his brief before this Court, it is likewise waived.[3] *Commonwealth v. Harris*, 979 A.2d 387, 397 (Pa. Super. 2009) (holding that under Pa.R.A.P. Rule 2116 a claim is waived when not included in the

_____

[3] Redd did, however, preserve his weight challenge by filing a post-sentence motion. Post-Sentence Motion, 11/8/2023, at 1-2.

statement of questions presented). It is also meritless.

It is well-settled that

> [a]ppellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Juray*, 275 A.3d at 1047 (citation omitted).

Here, the trial court rejected Redd's weight claim in his post-sentence motion, finding Dale's testimony to be credible and that "[Redd's] testimony lack[ed] credibility." Trial Court Opinion, 2/26/2024, at 3. The trial court, as the factfinder at a bench trial, is free to believe or disregard any part of a witness' testimony. *See Commonwealth v. Page*, 59 A.3d 1118, 1130 (Pa. Super. 2013) (noting that "any conflict in the testimony goes to the credibility of the witnesses and is solely to be resolved by the factfinder"). Further, the absence of Redd's DNA evidence does not mean that his testimony must be found credible and "does not undermine the victim's testimony" when deemed credible by the factfinder. *Commonwealth v. Diaz*, 152 A.3d 1040, 1047 (Pa. Super. 2016). To the contrary, "[t]his Court has long[]recognized that the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant, despite contrary evidence

from defense witnesses." *Id.* (citation omitted). It is not the role of this Court to reweigh the evidence, and to the extent that Redd requests that we do so, we decline his invitation. *Commonwealth v. Collins*, 70 A.3d 1245, 1251 (Pa. Super. 2013) (stating that "[a]n appellate court cannot substitute its judgment for that of the finder of fact") (citation omitted). Therefore, the trial court did not abuse its discretion in denying Redd's weight challenge.

Further, even if we construed Redd's argument as a sufficiency challenge, we would conclude that the evidence established the above crimes. As already stated, Redd's claim is based solely on the absence of proof that he had sexual contact with Dale—something for which the record provides ample support.

The evidence presented at trial was that Dale fell asleep at Clover Lane house while "still a little intoxicated" in a two-piece yoga outfit in Redd's daughter's bedroom. N.T., 9/28/2022, at 6, 11, 31, 50. When Dale woke up her pants were pulled down to her knees, and Redd was "on top of" Dale "using his mouth on [Dale's] private parts." *Id.* at 6, 7, 31. Her tampon had been removed and was on the bedroom floor. *Id.* Dale immediately began "fighting" with Redd by "cracking him" with her phone; Dale also used a voice command on her phone to video call her mother. *Id.* at 14, 33. Through her phone, Dale's mother saw Redd "physically on top of [Dale]." *Id.* at 78-80. While they were fighting Redd punched Dale, "bust[ing]" her lip. *Id.* at 8. Dale then exited the house and called the police. *Id.* at 7-8, 40-41.

Viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, we agree with the trial court that the evidence was sufficient to support the convictions. While Dale was sleeping, Redd removed her tampon and performed oral sex on her without her consent. **_See_** **_Commonwealth v. Banniger_**, 303 A.3d 1085, 1092 (Pa. Super. 2023) (finding that "[o]ral sex, intercourse per os, is included in the definitions of both sexual intercourse and deviate sexual intercourse"). Therefore, to the extent Redd raises a sufficiency claim, such a claim is without merit.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/18/2024