J-A22031-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| KEITH T. DOUGHERTY AND LARRY RUNK II, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | |
| v. | |
| ERIE INSURANCE COMPANY, | |
| Appellee | No. 203 MDA 2015 |

Appeal from the Order Entered January 14, 2015
in the Court of Common Pleas of Cumberland County
Civil Division at No.: 14-529

BEFORE:  BOWES, J., JENKINS, J., and PLATT, J.[*]

JUDGMENT ORDER BY PLATT, J.:　　　　　**FILED SEPTEMBER 15, 2015**

Appellants, Keith T. Dougherty (Dougherty) and Larry Runk II (Runk), appeal *pro se* from the trial court's order sustaining the preliminary objections filed by Appellee, Erie Insurance Company, and dismissing this declaratory judgment action.  We dismiss.

On January 27, 2014, Dougherty filed a complaint against Appellee, alleging that he is the lawful assignee of Runk in an automobile insurance claim.  On February 24, 2014, Appellee filed preliminary objections to the complaint, arguing, *inter alia*, that Dougherty failed to produce a valid assignment agreement.  The court sustained the preliminary objections on May 7, 2014, based on its determination that Dougherty lacked standing.

---

[*] Retired Senior Judge assigned to the Superior Court.

On May 27, 2014, Dougherty filed an "Amended Declaratory Judgment," which the court treated as an amended complaint. Appellee again filed preliminary objections.[1] On January 14, 2015, the court entered its order sustaining Appellee's preliminary objections and dismissing the action. This timely appeal followed.

Preliminarily, we must consider the propriety of this appeal.[2]

> The requirement of standing under Pennsylvania law is prudential in nature, and stems from the principle that judicial intervention is appropriate only where the underlying controversy is real and concrete, rather than abstract. A party has standing to bring a cause of action if it is aggrieved by the actions complained of, that is, if its interest in the outcome of the litigation is substantial, direct, and immediate. . . .

*Hospital & Healthsystem Ass'n of Pa. v. Com.*, 77 A.3d 587, 599 (Pa. 2013) (citations and quotation marks omitted).

Here, Dougherty has failed to produce any evidence of a valid assignment. The only purported documentation is incoherent and is dated May 27, 2014, four months after the original complaint was filed. (*See* Amended Declaratory Judgment Complaint, 5/27/14, Exhibit 1). After

---

[1] Dougherty subsequently filed a praecipe to add Runk as co-plaintiff, and Runk filed a *pro se* praecipe for entry of appearance.

[2] "Justiciability questions are issues of law, over which our standard of review is *de novo* and the scope of review is plenary." *Robinson Tp., Washington County v. Com*., 83 A.3d 901, 917 (Pa. 2013) (citation omitted).

review of the record, we conclude that the trial court properly dismissed the complaint for lack of standing.

Moreover, we emphasize that appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure, and this Court may quash or dismiss an appeal if an appellant fails to conform to these requirements. **See** Pa.R.A.P. 2101; **see also Commonwealth v. Lyons**, 833 A.2d 245, 251-52 (Pa. Super. 2003), *appeal denied*, 879 A.2d 782 (Pa. 2005) (although Court willing to construe *pro se* materials liberally, *pro se* litigants must comply with procedural rules).

Here, Appellants' brief is nearly unintelligible and falls well below the minimum standards set forth in our Rules of Appellate Procedure. Even if we liberally construe the materials, the lack of pertinent legal argument and other substantial defects in the brief preclude us from conducting meaningful review. **See** Pa.R.A.P. 2101, 2119(a)-(c). Accordingly, we dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2015