J-S55027-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LEESEAN MALLOY, | |
| Appellant | No. 420 WDA 2015 |

Appeal from the Judgment of Sentence Entered November 17, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0009852-2014

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., and STRASSBURGER, J.[*]

MEMORANDUM BY BENDER, P.J.E.:           **FILED SEPTEMBER 29, 2015**

Appellant, Leesean Malloy, appeals from the judgment of sentence of two years' probation, imposed after he was convicted of simple assault. Appellant alleges the verdict is against the weight of the evidence.  We affirm.

Appellant's conviction stems from an incident on June 26, 2014, where two officers witnessed him choking his girlfriend, Nara Caba ("Ms. Caba"). Appellant was arrested and ultimately found guilty of simple assault[1] following a non-jury trial held on November 14, 2014.  After sentence was

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant was convicted of simple assault under 18 Pa.C.S. § 2701(a)(1). Pursuant to Section 2701(a)(1), a person is guilty of assault if he "attempts to cause or intentionally, knowingly or recklessly causes bodily injury to another."  18 Pa.C.S. § 2701(a)(1).

imposed, Appellant filed a post-sentence motion alleging that the verdict was against the weight of the evidence, which was denied by the trial court on February 11, 2015. Appellant subsequently filed a timely notice of appeal and a timely, court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

On appeal, Appellant presents one issue for our review: "Did the trial court render a verdict that was contrary to the weight of the evidence presented where the Commonwealth itself presented two equally reasonable, mutually inconsistent, and contradictory inf[e]rences, thereby proving neither?" Appellant's Brief at 4.

To begin, we note our standard of review in a weight of the evidence claim:

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the jury is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the jury's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

**Commonwealth v. Houser**, 18 A.3d 1128, 1135-36 (Pa. 2011) (citations and internal quotation marks omitted).

Here, the evidence produced at trial established that on June 26, 2014, at approximately 2:00 a.m., Appellant and Ms. Caba were walking together in the Shadyside neighborhood of Pittsburgh. N.T. Trial, 12/17/14, at 6. City of Pittsburgh Police Officer John McCue testified that, while on duty, he and his partner, Officer Churillo, were approaching the intersection of Ellsworth and College when they observed Appellant choking Ms. Caba. *Id.* at 10. Officer McCue saw that Appellant had both hands around Ms. Caba's neck and that Ms. Caba had both her hands on Appellant's wrists, attempting to stop him. *Id.* at 11. Within seconds, the officers exited their vehicle and announced themselves, at which time Ms. Caba was able to get away and slapped Appellant. *Id.* The officers then took Appellant into custody. *Id.* Officer McCue stated that Ms. Caba told the officers that she and Appellant had gotten into an argument about her ex-boyfriend and, that during the altercation, Appellant said "he was going to choke the fuck out of her." *Id.* at 12.

Contrary to Officer McCue's testimony, Ms. Caba testified during the non-jury trial that Appellant merely grabbed her arm while they were walking because he needed help after recently having surgery on his foot. *Id.* at 7. During re-cross examination, Ms. Caba further testified that Appellant did not put his hands around her neck and that the officers "just came out of nowhere." *Id.* at 15, 16. Ms. Caba claimed that she told the officers she did not want to press charges against Appellant. *Id.* It is this

contradictory testimony that is the subject of Appellant's weight of the evidence claim.

Appellant asserts that the trial court abused its discretion when it weighed the testimony of Officer McCue over the testimony of Ms. Caba. Appellant's Brief at 10. Appellant argues that the testimony of Officer McCue and that of Ms. Caba were "equally reasonable and mutually inconsistent" and, therefore, the Commonwealth failed to prove either version of the incident. *Id.* In support of his argument, Appellant relies on the principle that "[w]hen two equally reasonable and mutually inconsistent inferences can be drawn from the same set of circumstances, a factfinder must not be permitted to guess which inference it will adopt, especially when one of the two guesses may result in depriving a defendant of his life or his liberty." *Commonwealth v. Montalvo*, 986 A.2d 84, 99 (Pa. 2009) (quoting *Commonwealth v. Knee New*, 47 A.2d 450, 468 (Pa. 1946)). Appellant also cites the following principle set forth in *Knee New*: "when a party on whom rests the burden of proof in either a criminal or a civil case, offers evidence consistent with two opposing propositions, he proves neither." *Knee New*, 47 A.2d at 468.

In its opinion, the trial court explains why Appellant's reliance on the aforementioned principles established in *Knee New* is misplaced:

> This long standing legal principle is best understood in the context of the *Knee New* facts. It was a murder prosecution resting almost exclusively upon circumstantial evidence. As we know, circumstantial evidence is the inferences taken from established facts. That is the important part of *Knee New* and

- 4 -

that is where Malloy's reliance falters. The known facts or, using language from ***Knee New***, the positive facts came from [Officer McCue] who saw [Appellant] with his hands around the neck of [Ms. Caba]. This officer also relayed what [Ms. Caba] said immediately after [Appellant] was separated from her – that [Appellant] "was going to choke the f*** out of her." These positive facts satisfy the elements of the crime. There are no competing inferences that point to innocence and another one to guilt.

Trial Court Opinion ("TCO"), 4/13/15, at 3. (internal citations omitted).

Moreover, we again note that "[w]here evidence conflicts, it is the sole province of the fact finder to determine credibility and to believe all, part or none of the evidence." ***Commonwealth v. Lyons***, 833 A.2d 245, 259 (Pa. Super. 2003). Thus, Appellant is incorrect in his assertion that the trial court cannot choose to believe one witness over another.

Here, the trial court considered the testimony presented at trial and found Ms. Caba's testimony to be non-credible as evidenced by the following:

I think what the Commonwealth did was they presented who they believe to be the victim and what they allowed me to see is that she will distort reality to protect her boyfriend.

I think what they showed me was these officers were riding down the street and saw a woman being accosted and got out and intervened because they saw her being choked and … in the course of trying to get some order they asked her whether she wanted to press charges. The officers wouldn't ask someone if they wanted to press charges if it was two lovers strolling down the street holding hands and holding one another's arms. For her to tell me that they asked whether you want to press charges[,] to me[,] makes me believe she is lying today and that her story is inconsistent with the reality that the police have informed me of. It becomes an issue of credibility[. W]ho do I believe[? D]o I believe … [t]wo officers riding around at night, one of which is here today, want[] to stop their car to intervene

on two lovers walking home at two o'clock at night or whether this woman who comes in and tells me the story her boyfriend had surgery on his foot and he was hanging onto her to stop from falling. Those are the realities, there is not a lot of overlap.

I believe she is lying to protect him.

TCO at 17-19.

"[O]n issues of credibility and weight of the evidence, an appellate court defers to the findings of the trial judge, who has had the opportunity to observe the proceedings and demeanor of the witnesses." *Commonwealth v. Cunningham*, 805 A.2d 566, 572 (Pa. Super. 2002). The trial court, as fact finder, concluded that the elements of simple assault were proven beyond a reasonable doubt, and that Appellant committed these offenses. We ascertain no abuse of discretion in the trial court's denial of Appellant's challenge to the weight of the evidence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/2015

- 6 -