J-S46001-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| S.M.P. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| E.W.P., JR. | |
| Appellant | No. 2191 EDA 2014 |

Appeal from the Order July 9, 2014
In the Court of Common Pleas of Pike County
Domestic Relations at No(s): 1828-2009

BEFORE:  MUNDY, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                    **FILED SEPTEMBER 15, 2015**

Appellant, E.W.P., Jr., (Father) appeals *pro se* from the July 9, 2014 order denying his petition to compel information from Appellee, S.M.P. (Mother), where he also alleges Mother violated a May 17, 2010 custody order.  After careful review, we dismiss this appeal.[1]

The certified record reveals the following factual and procedural history.  Father and Mother, formerly married, are the parents of two children, K.P., born in June 2000, and E.P., born in April 2005.  Mother initiated the underlying custody action on September 2, 2009, along with a divorce complaint, wherein she requested shared legal and primary physical custody of the children with "secondary physical custody" to Father.

_____

[1] We note that Mother did not file a brief in this matter.

Complaint in Divorce, 9/2/09, at ¶¶ 14-26. On January 19, 2010, Mother filed a petition for custody, wherein she asserted that Father is in Pike County Jail, and that she "intends to relocate on or about January 30, 2010 with the aforementioned children outside the jurisdiction of this Court." Petition for Custody, 1/19/10, at ¶¶ 9-10. As such, Mother requested the trial court grant her primary physical custody and "the ability to relocate to a location protected due to the events that have transpired." *Id.* at 3 (unpaginated). The certified record does not include any details of said events asserted by Mother.

A hearing was scheduled before a custody hearing officer on May 6, 2010, at which time the parties entered into a stipulation that was placed on the record by the hearing officer. [2] The stipulation stated, in relevant part, as follows.

> Since the [M]other is in California with family, it is my understanding that the Agreement is on a temporary basis only, and that [Father] will have no objection to her relocating there and staying there.
>
> That the Mother will have primary physical custody and that the Father will have no contact with the Children per an existing Protection from Abuse Order.

_____

[2] Both parties were represented by counsel during the hearing. In addition, Father was transported from prison for the hearing. Mother appeared *via* telephone. N.T., 5/6/10, at 1 (unpaginated).

Stipulation, 5/17/10, at 2-3.[3]  With respect to legal custody, the hearing officer noted that, "[g]iven the situation that the Father is incarcerated and that there is a Protection from Abuse Order in effect and pending criminal charges (although there has been no disposition of those charges yet)," Mother would communicate regarding legal custody issues through counsel and not directly with Father.  *Id.* at 3-4.  Finally, the hearing officer noted that counsel for the parties agreed "Pennsylvania has jurisdiction," but they disagreed on whether "jurisdiction would be in California after a period of six (6) months of the [c]hildren being there."[4]  *Id.* at 3.

On July 7, 2014, Father, who by then was incarcerated at State Correctional Institution - Graterford, filed *pro se* a petition to compel Mother "to follow the agreement that was made … at a Master Hearing in 2010." Petition, 7/7/14, at 1.  The trial court described Father's allegations as follows.

> [Father] alleged various violations committed by [Mother] including: (1) failure to provide information regarding a vehicle; (2) failure to provide information about major issues in the children's lives

---

[3] The stipulation was made an order of the court on May 17, 2010, which the trial court stated was subsequently incorporated into the divorce decree issued on June 4, 2010.  *See* Order, 7/9/14.

[4] On May 10, 2010, the parties, through counsel, entered into a property settlement agreement in the divorce action, which was placed on the record the same date.

and (3) failure to comply with this [c]ourt's [o]rder by moving to Maine.

Trial Court Opinion, 8/18/14, at 1.

By order dated and entered on July 9, 2014, the trial court denied Father's petition. The order stated the following, in relevant part.

> The Agreement between [Father] and [Mother] in the Divorce matter on May 6, 2010 which was incorporated into the Divorce Decree [by order of] May 17, 2010, was superseded by the Criminal Sentencing Order of July 7, 2011 in Criminal Case No. 425-CR-2009.[5] That Sentencing Order prohibited [Father] from having any contact with [Mother] or the children who are subject to the custody order.

> Further, [Mother] and the children have not been residents of Pennsylvania now for over three years and therefore this [c]ourt does not have jurisdiction over this matter anymore.

Trial Court Order, 7/9/14.

On July 21, 2014, Father filed *pro se* a notice of appeal. By order dated July 24, 2014, the trial court directed Father to file a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) within twenty-one days, and Father timely

---

[5] Neither the sentencing order nor the criminal docket is included in the certified record before this Court.

complied.[6]   The trial court issued a Rule 1925(a) opinion on August 18, 2014.

On appeal, Father raises the following issues for our review.

> 1). Was [ ] [Father] violated [sic] his right to be provided with the stipulations agreed by both parties, before [sic] [Father's] criminal case?
>
> 2). Did the [trial] court make a decision to deny [ ] [Father] his right to be provided these stipu[l]ations[] by not providing proof of record to where the children jurisdiction [sic]?
>
> 3). Was [the Honorable] Joseph F. Kameen, PJ, a conflict of interest in this case [sic]?

Father's Brief at 4.[7]

However, we do not reach the merits of this appeal, as we conclude that Father has failed to comply with the Pennsylvania Rules of Appellate Procedure.   The Pennsylvania Rules of Appellate Procedure provide that

---

[6] Father failed to file his concise statement of errors complained of on appeal along with his notice of appeal in accordance with Rule 1925(a)(2)(i). Nevertheless, because Father timely complied with the trial court's order to file the concise statement, we do not deem his issues waived on this basis. **See In re K.T.E.L.**, 983 A.2d 745, 747 (Pa. Super. 2009) (holding that an appellant's failure to strictly comply with Rule 1925(a)(2) did not warrant an application of the waiver rule, as no court order had been violated, and there was no prejudice to any party). **Cf. J.P. v. S.P.**, 991 A.2d 904, 908 (Pa. Super. 2010) (stating that, where the appellant/mother not only failed to simultaneously file a Rule 1925(a)(2)(i) statement with her notice of appeal but also failed to comply with the trial court's order to file the Rule 1925(b) statement within 21 days, she waived her issues on appeal).

[7] Father's Brief does not contain pagination; therefore, we have assigned each page a corresponding page number.

where the defects in a brief are substantial, the appeal may be dismissed. Pa.R.A.P. 2101.

Father's *pro se* brief in the instant matter is defective in substantial ways. Specifically, Father failed to comply with the following rules. First, Father's brief does not have a proper statement of scope and standard of review in violation of Rule 2111(a)(3). Also, Father's brief does not have a recital of the procedural history and factual background or a proper Statement of the Case, in violation of Rule 2117. In addition, Father's brief does not have a proper argument in violation of Rule 2119. We note that Father's argument, in its entirety, is as follows: "[t]he Appellant states, that []his argument, please refer to the Concise Matters Complained of and the Divorce Decree and the Petitions entered in this case." Father's Brief at 7.

This Court has opined the following when faced with *pro se* litigants who do not comply with the procedural rules.

> [A]lthough this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefits upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court.

***Commonwealth v. Lyons***, 833 A.2d 245, 251-252 (Pa. Super. 2003) (citations omitted), *appeal denied*, 879 A.2d 782 (Pa. 2005). In addition, "[t]his Court will not consider the merits of an argument which fails to cite relevant case or statutory authority." ***In re Estate of Whitley***, 50 A.3d

203, 209 (Pa. Super. 2012) (internal quotation marks and citations omitted), *appeal denied*, 69 A.3d 603 (Pa. 2013).

Based on the foregoing, we conclude Father's defects in his appellate brief are substantial and preclude us from conducting meaningful appellate review. Accordingly, we elect to exercise our discretion under Rule 2101 and dismiss this appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2015