J. S27042/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA,    :    IN THE SUPERIOR COURT OF
    :        PENNSYLVANIA
            Appellee    :
    :
          v.    :
    :
LAUREN ENNIS,    :
    :
           Appellant    :    No. 2774 EDA 2014

Appeal from the Judgment of Sentence February 18, 2014
In the Court of Common Pleas of Monroe County
Criminal Division No(s).: CP-45-CR-0001319-2012
CP-45-CR-0001320-2012

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED JANUARY 15, 2016**

Appellant, Lauren Ennis, appeals from judgment of sentence entered in the Monroe County Court of Common Pleas, after a jury found her guilty of two counts of endangering welfare of children, and two counts of corruption of minors.[1] Appellant claims the trial court erred in permitting testimony under Pennsylvania's Tender Years Statute.[2] We affirm.

As we write for the exclusive benefit of the parties, a full recitation of the facts and circumstances giving rise to the filing of the above charges is

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 4304(a)(1), 6301(a)(1).

[2] 42 Pa.C.S. § 5985.1.

unnecessary. It suffices to note Appellant was charged for failing to protect two of her children ("Children") from continued abuse by Codefendant.[3] Codefendant was separately charged with multiple sexual offenses related to two incidents of abuse that occurred in Pennsylvania. Following reports of abuse, the children were placed in CYS care.

Appellant and Codefendant proceeded to a joint jury trial beginning on July 11, 2013. Before trial, the Commonwealth filed a notice of intent to offer evidence under the Tender Years Statute. Notice Pursuant to 42 Pa.C.S. § 5985.1, 12/11/12. After Children testified at trial, the Commonwealth sought to rehabilitate or corroborate their testimony that Codefendant molested them. Specifically, the Commonwealth requested the trial court allow testimony by a County Children and Youth Services ("CYS") caseworker and Children's foster mother, stating that Children reported the abuse to them. N.T. *In-Camera* Proceedings, 7/11/13, at 5. The Commonwealth offered three bases to admit its proffer: the Prompt Complaint Statute,[4] Pennsylvania Rule of Evidence 613(c),[5] and the Tender Years Statute.[6] N.T. Trial, 7/11/13, at 119-23. The trial court determined

---

[3] Codefendant was Children's stepfather.

[4] 18 Pa.C.S. § 3105.

[5] Pa.R.E. 613.

[6] 42 Pa.C.S. § 5985.1.

the Commonwealth's proffer was not admissible as a prompt complaint or under Rule 613(c). N.T. *In-Camera* Proceeding at 3. However, after an *in-camera* hearing at which the caseworker and foster mother testified, the court, over Appellant's objections, ruled the testimony was admissible under the Tender Years Statute.

On July 23, 2013, the jury found Appellant guilty of all charges. On February 18, 2014, the trial court sentenced her to twenty-four to sixty months' imprisonment in a state correctional institution. Following extended post-sentence procedures,[7] Appellant perfected this appeal and submitted a timely Pa.R.A.P. 1925(b) statement claiming error in the ruling to admit the caseworker's and foster mother's testimony as substantive evidence.

The trial court filed a responsive Rule 1925(a) opinion, asserting its ruling under the Tender Years Statute was proper. The court suggested the testimony was relevant because it "describe[d] the sexual attack [by Codefendant] that transpired." Trial Ct. Op., 9/2/14, at 8. (citing

---

[7] The trial court granted Appellant's request for an extension to file post-sentence motions. However, we note the trial court did not rule on Appellant's post-sentence motion within 120 days or purport to grant a 30-day extension for deciding the motion. **See** Pa.R.Crim.P. 720(b)(3)(a)-(b). However, Appellant's motion was not otherwise denied by operation of law, which would constitute a breakdown in the operation of the courts. **See id.**; **Commonwealth v. Patterson**, 940 A.2d 493, 499 (Pa. Super. 2007). Therefore, even if the trial court's order denying the post-sentence motion was not timely entered, Appellant's notice of appeal would still perfect this Court's jurisdiction. **See Johnston the Florist v. TEDCO Constr. Corp.**, 657 A.2d 511, 513 (Pa. Super. 1995) (*en banc*).

*Commonwealth v. Lyons*, 833 A.2d 245, 255-56 (Pa. Super. 2003)). The trial court also noted that under the Tender Years Statute, the underlying statements were, by "statutory definition . . . potentially corroborative in nature." *Id.* (citing *Commonwealth v. Curley*, 910 A.2d 692, 699 (Pa. Super. 2006)).

Appellant's sole contention in this appeal is that the trial court abused its discretion by admitting the caseworker's and foster mother's testimony about Children's reports of sexual abuse.[8] Appellant's Brief at 10. Appellant suggests the trial court should have considered the Commonwealth's proffer under Pa.R.E. 613(c), and "never properly limited the scope of evidence proffered under Tender Years to its narrow purpose." *Id.* at 12. Relatedly, he asserts this error was "compounded" by the Commonwealth's closing statement that Children's "prior consistent statements provided further proof of the claims of the victims." *Id.* at 12-13. No relief is due.

Our standard for reviewing a challenge to a trial court's evidentiary ruling is well-established:

> "[T]he admissibility of evidence is a matter addressed to the sound discretion of the trial court and... an appellate court may only reverse upon a showing that the trial court abused its discretion." *Commonwealth v. Weiss*, . . . 776 A.2d 958, 967 ([Pa.] 2001) (citations omitted). "An

---

[8] Appellant's sole argument in this appeal is whether the principles of Pa.R.E. 613 should have governed the use of the subject testimony at trial. He does not contest whether the Commonwealth provided proper notice, that Children testified at trial, or whether indicia of reliability was met.

abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law." **Commonwealth v. Hoover**, 16 A.3d. 1148, 1150 (Pa. Super. 2011).

**Commonwealth v. Cox**, 115 A.3d 333, 336 (Pa. Super. 2015) (*en banc*).

The Tender Years Statute creates an exception to the general rule against hearsay for a statement made by a child who was twelve years old or younger at the time of the statement. 42 Pa.C.S. § 5985.1(a); **Commonwealth v. Barnett**, 50 A.3d 176, 182 (Pa. Super. 2012); **cf.** Pa.R.E. 802. Of relevance to this appeal, a court may admit an out-of-court statement of a child victim for the truth of the matter asserted when, *inter alia*, the following elements are satisfied:

> (1) the court finds, in an in camera hearing, that the evidence is relevant and that the time, content and circumstances of the statement provide sufficient indicia of reliability; and
>
> (2) the child either
>
> > (i) testifies at the proceeding; or
> >
> > (ii) is unavailable as a witness

42 Pa.C.S. § 5985.1(a)(1), (2)(i). One "indicia of reliability" is the child victim's "consistency in repetition" of the offered statement. **Barnett**, 50 A.3d at 182-83 (citation omitted).

This court considered a similar issue to the one presented in the case at bar in **Curley**, 910 A.2d at 697-99. The defendant in **Curley** asserted the Tender Years Statute conflicted with Rule 613(c). **Id.** at 698. According to

the defendant, the conflict could only be resolved by admitting the child victim's prior statements "solely to bolster the victim's credibility in light of [his] denial of the victim's version of events." *Id.* at 698. The Court rejected the defendant's argument because it failed to account for the fundamental differences between the Tender Years Statute and Rule 613(c). *Id.* Specifically, we found the Tender Years Statute permits a child's prior statements to be used as substantive evidence of guilt, which stands "in stark contrast to Rule 613(c), which governs rehabilitation of a testifying witness." *Id.* at 699.

Based on *Curley*, we discern no abuse of discretion or error of law in the trial court's ruling. Notwithstanding Appellant's assertion, the challenged testimony was consistent with, and thus corroborative of, Children's trial testimony. The court was not required to limit or analyze the Commonwealth's proffer under Rule 613(c). *See Curley*, 910 A.2d at 699; *accord Barnett*, 50 A.3d at 187. Lastly, because Appellant's principal claim lacks merit, his derivative argument that the alleged error was compounded by the Commonwealth's closing argument warrants no relief.

Judgment of sentence affirmed.

J. S27042/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/15/2016