J-A06042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID BONANNO | |
| Appellant | No. 905 MDA 2015 |

Appeal from the Judgment of Sentence Entered April 28, 2015
In the Court of Common Pleas of Huntingdon County
Criminal Division at No: CP-31-SA-0000007-2015

BEFORE: LAZARUS, STABILE, and DUBOW, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 20, 2016**

Appellant David Bonanno *pro se* appeals from the April 28, 2015 judgment of sentence entered in the Court of Common Pleas of Huntingdon County ("trial court"), following his summary conviction for harassment under Section 2709(a)(3) of the Crimes Code, 18 Pa.C.S.A. § 2709(a)(3). Upon review, we affirm.

The facts and procedural history underlying this appeal are undisputed. Briefly, Appellant was charged with the foregoing offense after he had blocked a Buick Lucerne operated by Eric Miley in a Sheetz parking lot. Appellant accused Mr. Miley of having stolen the Buick. A magistrate convicted Appellant of harassment and sentenced him to pay a $300.00 fine. Appellant timely filed a summary appeal for a trial *de novo*. On April 28, 2015, the trial court held a trial *de novo*, at the conclusion of which it found

Appellant guilty of harassment and sentenced him to pay a $300.00 fine. Appellant *pro se* timely appealed to this Court. Following Appellant's filing of a Pa.R.A.P. 1925(b) statement of errors complained of on appeal, the trial court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Appellant raises eleven issues for our review, reproduced here verbatim:

1) Whether the evidence was insufficient to sustain the conviction because [] Appellant had no intent to block in Eric Miley?

2) Whether the evidence was insufficient to sustain the conviction because videotaping is not a criminal act?

3) Whether the evidence was insufficient to sustain the conviction because Appellant defended himself after Eric Miley assault?

4) Whether the conflicting testimony of Eric Miley is insufficient to sustain the conviction of Appellant?

5) Whether the testimony of Deb Miley is insufficient to sustain the conviction of Appellant because she admitted she lied to State Trooper Carnell during a police investigation?

6) Whether the [t]rial [c]ourt erred in not granting Appellant witness requests?

7) Whether the [t]rial [c]ourt erred in not granting Appellant discovery mandatory under law?

8) Whether the [t]rial [c]ourt erred in not granting Appellant continuances due to lack of proper discovery mandatory under law?

9) Whether the [t]rial [c]ourt erred in not granting Appellant a dismissal at trial do [sic] to lack of proper discovery mandatory under law?

10) Whether the [t]rial [c]ourt erred by not granting a continuance or dismissal when it discovered at trial D.A. Smith did not send Appellant [] Commonwealth witness list and criminal history mandatory under law?

11) Whether the [t]rial [c]ourt erred by not dismissing charges against [Appellant] when it discovered in records before

> filing the July 21, 2015 memorandum, D.A. Smith did not sent Appellant Commonwealth witness list and criminal history mandatory under law, before or at trial?

Appellant's Brief at 6.[1]

As a prefatory matter, although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003), ***appeal denied***, 879 A.2d 782 (Pa. 2005). Where an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. ***Commonwealth v. Antidormi***, 84 A.3d 736, 754 (Pa. Super. 2014); ***see*** Pa.R.A.P. 2119(a) (providing that each point treated in an argument must be "followed by such discussion and citation of authorities as are deemed pertinent").

Here, among other deficiencies, the argument section of Appellant's brief simply restates the statement of questions involved, fails to develop the claims asserted and is otherwise bereft of any legal authority. As a result, we conclude that Appellant has waived his issues on appeal. ***See Antidormi***, ***supra***.

---

[1] We note that Appellant's issues 1 through 5, 10 and 11 are waived because he failed to raise them in his Rule 1925(b) statement. ***See*** Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.").

Even if Appellant had not waived the issues, he still would not have been afforded relief based on the reasons outlined in the trial court's Pa.R.A.P. 1925(a) opinion. Accordingly, we affirm Appellant's judgment sentence and direct that a copy of the trial court's July 21, 2015 Rule 1925(a) opinion be attached to any future filings in this case.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/2016

IN THE COURT OF COMMON PLEAS OF HUNTINGDON COUNTY,
PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : CRIMINAL DIVISION |
| | : |
| vs. | : No. CP-31-SA-007-2015 |
| | : |
| DAVID A. BONANNO, | : |
| Defendant | : |

**FILED** 2015 JUL 21 P 3:44 PROTHONOTARY/CLERK HUNTINGDON CO., PA

## MEMORANDUM

Defendant has filed a Notice of Appeal from our April 28, 2015, sentence. We write to fulfill our duty pursuant to Pa.R.A.P. 1925(a). Simultaneous to the filing of this Memorandum, we have filed Findings of Fact from the April 28, 2015, Summary Trial.

On January 27, 2015, Magisterial District Judge Wilt found Defendant guilty of violating 18 Pa.C.S. § 2709(a)(3). Defendant was sentenced to pay the costs of prosecution and a fine of three hundred dollars ($300.00). On February 25, 2015, Defendant filed a Notice of Appeal from Summary Criminal Conviction. After the *de novo* trial, this Court entered an Order finding Defendant guilty of the offense of harassment and sentenced him to pay the costs of prosecution and a fine of three hundred dollars ($300.00).

1

In his Statement of Errors Complained of on Appeal, Defendant raises twelve (12) issues. We address these issues *seriatim*.

1. Defendant claims this Court erred by not granting him a Discovery order before his trial. In his Discovery Request filed April 7, 2015, Defendant requested the following: (1) A complete title history for a 2011 Buick Lucerne vin #1G4HA5EM3BU115613; (2) First 911 call transcript; (3) Second 911 call transcript; (4) Video from Sheetz surveillance; and (5) Notes taken by Huntingdon County State Trooper Carnell at the scene of the incident. At the *de novo* trial, the District Attorney stated that he had provided Defendant with a copy of the disk containing the video from Sheetz's surveillance, as well as a police report. *N.T. at 2-3.* The District Attorney did not provide a copy of either 911 transcript or a complete title history for the 2011 Buick Lucerne because the District Attorney did not have any of these items. *N.T. at 3.* In regard to Trooper Carnell's notes, the District Attorney stated that he did not provide these to Defendant because Defendant was provided a copy of the police report. *N.T. at 3.* Additionally, the District Attorney stated that he did not intend to call anyone from the Department of Transportation to testify about the title history of the Buick Lucerne, nor did he intend to call anyone to testify about the 911 transcripts. *N.T. at 4.* Because Defendant was provided requested materials and had the opportunity to subpoena any other material he believed was relevant to his case, we denied Defendant's request for a discovery order, which was styled as a Motion to Dismiss.

2. Defendant claims this Court erred in not granting Defendant's Witness Request order. This Court is guided by the Pennsylvania Rules of Criminal Procedure, which clearly layout the logistical steps for subpoenaing witnesses:

> A subpoena in a criminal case shall order the witness named to appear before the court at the date, time, and place specified, and to bring any items identified or described. The subpoena shall also state on whose behalf the witness is being ordered to testify and the identity, address, and phone number of the attorney, if any, who applied for the subpoena. *Pa.R.Crim.P. 107*.

2

In his Witness Request, Defendant listed the names and addresses of five (5) persons but failed to list the date, time, and place specified for his *de novo* trial. Defendant also failed to state on whose behalf the witnesses were being ordered to testify. Because Defendant did not act in accord with the Pennsylvania Rules of Criminal Procedure, this Court could not grant his Witness Request order. Furthermore, any request for subpoenas must go through the Prothonotary's Office.

3. Defendant claims this Court erred in not granting a continuance when Defendant discovered the disk containing the surveillance video of the incident did not function properly. At the trial, Defendant asked for a continuance so that he could obtain all the materials discussed *supra*. Defendant claimed that "without these documents any surprise that may come would be a violation of my most basic rights." *N.T. at 3-4.* After questioning the District Attorney about the use of said materials, this Court denied Defendant's motion for a continuance. Pursuant to Pa.R.Crim. 106(c), we gave the following reason for denying the motion: "This appeal was filed on February 25th. It's now April 28th. I think that's been time enough, so motion for extension of time, motion for continuance is denied." *N.T. at 4.*

4. Defendant claims this Court erred in not granting a continuance after Defendant "discovered subpoenas for witnesses was [sic] not granted because Appellant is not an attorney." Defendant's failure to act in accord with the Pennsylvania Rules of Criminal Procedure in regard to requesting subpoenas has been addressed already. Defendant's claim that his subpoenas were denied because he is not an attorney, however, is erroneous. As long as a person complies with the Pennsylvania Rules of Criminal Procedure and properly files with the Prothonotary's Office, his or her subpoena will be issued, regardless of whether he or she is an attorney.

5. Defendant claims this Court erred in not granting him a continuance at trial. This matter is addressed in the paragraph 3.

6. Defendant claims this Court erred in not granting dismissal at trial. This matter is addressed in paragraph 1.

3

7. Defendant claims this Court erred by not allowing a proper cross-examination of Deborah Miley. During Defendant's cross-examination of Deborah Miley, Defendant continuously asked the witness questions concerning the title of the Buick Lucerne. *N.T. at 7, 9-10.* Following the first question concerning the title, this Court had warned Defendant that it would not permit any further questioning concerning the ownership of the car. *N.T. at 8.* This Court was not limiting Defendant's ability to properly cross-examine a witness, but rather, making sure the line of questioning dealt with the issue at bar, i.e. was Defendant guilty of harassment.

8. Defendant claims this Court erred in its discretion by not considering Defendant's discovery in court records that referenced that the 2011 Buick Lucerne was a stolen asset. During the trial, Defendant asked multiple questions about the title and ownership of the Buick Lucerne that were objected to by the District Attorney and sustained by this Court. *N.T. at 32-33.* This Court informed Defendant that "the tittle issues are absolutely irrelevant to whether you [Defendant] committed the crime of harassment." *N.T. at 34.* As such, this Court did not abuse its discretion.

9. Defendant claims this Court erred in its discretion by not allowing a proper cross-examination of witness Trooper Carnell in regard to questions concerning the location of Sheetz, the location that Eric Miley was coming from, and the location of Deborah Miley's home. The record between pages 35-37 reflects a line of questioning interspersed with statements made by the Defendant during the cross-examination of Trooper Carnell. Ultimately, this Court questioned the relevancy of the questions and statements concerning the location of Sheetz, where Eric Miley was coming from, and the location of Deb Miley's home, but stated we would take judicial notice. *N.T. at 36-37.* In no way were the actions of this Court disruptive or limiting of Defendant's cross-examination of Trooper Carnell.

10. Defendant claims this Court erred in its discretion by not considering Defendant's state of mind and belief that the car was stolen and that Defendant called 911 and reported that the car was stolen. At the end of the trial, this Court stated, "You [Defendant] called the police and that should have been the end of your involvement. You should not have attempted to stop Mr. Miley." *N.T. at 55.*

4

Although Defendant may have believed that the car was stolen, that does not remedy the fact that Defendant blocked the victim's car in at Sheetz. Such action constitutes conduct with no legitimate purpose as provided by 18 Pa.C.S. § 2709(a)(3).

11. Defendant claims this Court erred in its discretion by not considering the testimony of Defendant's witness, Melissa Miley, that Eric Miley had attacked Defendant, made multiple threats, abusive statements, etc. Early in the trial, this Court acknowledged that Eric Miley had entered a guilty plea to harassment in this matter. *N.T. at 22.* As such, it does not logically follow that this Court did not consider testimony from Melissa Miley.

12. Defendant claims this Court erred in its discretion by not considering the statue of the offense, which calls for "...a pattern of actions composed of more than one act." The offense for which the Defendant is charged provides that a person commits the crime of harassment when the person "engages in a course of conduct or repeatedly commits acts which serve no legitimate purpose." *18 Pa.C.S. § 2709(a)(3).* Defendant omits the complete definition of "course of conduct." We have found beyond a reasonable doubt that the Defendant has engaged in "a pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct." *18 Pa.C.S. § 2709.* The evidence shows that Defendant parked the vicitim's car in at Sheetz, confronted the victim with a camera in hand, and scuffled with the victim. Defendant's pattern of actions while at the Sheetz parking lot represents a course of conduct that served no legitimate purpose.

Based on the foregoing, our April 27, 2015 Order of Sentence should be Affirmed.

BY THE COURT,

_____

George N. Zanic, P.J.

5

# IN THE COURT OF COMMON PLEAS OF HUNTINGDON COUNTY, PENNSYLVANIA

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : CRIMINAL DIVISION |
| | : |
| vs. | : CP-31-SA-07-2015 |
| | : |
| DAVID A. BONANNO, | : |
| Defendant | : |

## FINDINGS OF FACT

1. Sometime during the morning of October 22, 2014, Eric Miley drove to the Sheetz store located Route 22 in Smithfield Township, Huntingdon County, Pennsylvania. N.T. at 12.

2. Eric Miley parked a Buick Lucerne in a parking spot at the Sheetz store before going into the store. N.T. at 12.

3. When Eric Miley walked out of the Sheetz store the Buick Lucerne that he had been driving was parked in by a vehicle being operated by Defendant, David Bonanno. N.T. at 12, 25.

4. Defendant's vehicle was illegally parked behind the Buick Lucerne that Eric Miley had been driving. N.T. at 26.

5. Due to the actions of Defendant, Eric Miley was unable to leave the Sheetz store. N.T. at 13.

6. Defendant got out of his car and approached Eric Miley. Defendant was holding a video camera in one hand as he approached Eric Miley. N.T. at 13.

7. Defendant accused Eric Miley of stealing the Buick Lucerne. Defendant informed Eric Miley that he had called the police, and the two men entered into a verbal altercation. N.T. at 13-15.

8. Defendant and Eric Miley engaged in a short, physical altercation. N.T. at 15.

9. About 45 minutes to an hour after the physical altercation, the Pennsylvania State Police arrived at the scene of the altercation. When police arrived the vehicle being driven Eric Miley was still parked in, and as such, he was still unable to leave the scene. N.T. at 16.

10. As a result of the altercation, Eric Miley was charged with summary harassment and misdemeanor criminal mischief. N.T. 16, 27-28.

11. Eric Miley pleaded guilty to the charges and paid a fine and restitution for the damage to Defendant's video camera. N.T. at 16.

12. Both Defendant and Eric Miley had scratches on their bodies consistent with an altercation. N.T. at 26.

13. State Trooper Carnell obtained a copy of the video of the incident captured by Sheetz's surveillance cameras. N.T. at 28.

14. The video evidence matched the stories of the participants based on the testimony of Trooper Carnell.

15. Defendant engaged in a course of conduct that served no legitimate purpose by parking in the Buick Lucerne for a period that exceeded 45 minutes, having a physical confrontation and creating a disturbance at the Sheetz store.

16. The Defendant engaged in an attempt at self-help which resulted in the altercation.

17. The disputed ownership of the Buick Luzerne is irrelevant to the proceedings in this matter.

BY THE COURT,

_____
George N. Zanic, P.J.