J-S64011-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN DAVID STERNER | |
| Appellant | No. 595 EDA 2016 |

Appeal from the PCRA Order October 8, 2015
In the Court of Common Pleas of Bucks County
Criminal Division at No(s): CP-09-CR-0005652-2010; CP-09-CR-0008083-2010

BEFORE: STABILE, SOLANO, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 08, 2016**

Appellant, Steven David Sterner, appeals *pro se* from the October 8, 2015 order entered in the Court of Common Pleas of Bucks County ("PCRA court"), denying his petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the background of this matter as follows.

> In CP-09-CR-0008083-2010, Appellant pled guilty to 18 Pa.C.S. §§ 2701(a)(1), 2709(a)(1), 3701(a)(1)(v), 3921(a), and 5506 before Judge Cepparulo on April 26, 2011. Appellant was sentenced to six to twenty-three months and a term of probation. He later violated the terms of his probation and it was revoked on October 17, 2013. In CP-09-[CR-]0005652-2010, Appellant was convicted on November 10, 2010, for violating 18 Pa.C.S. § 3503(a)(1)(i) and sentenced to twenty-three months,

_____

[*] Former Justice specially assigned to the Superior Court.

time served, by Judge Finely. Appellant did not file his PCRA Petition until February 18, 2015.

Appellant was appointed counsel on May 21, 2015, to represent him on the PCRA matter. However, after a review of the case, appointed counsel filed a motion on July 31, 2015, for leave to withdraw his appearance due to the lack of meritorious issues. The [PCRA court] granted the motion to withdraw on August 4, 2015, after considering appointed counsel's *Finley* Letter, and informed Appellant of his right to either proceed *pro se* or retain private counsel. The [PCRA court] subsequently entered a [n]otice of [i]ntent to [d]ismiss [p]ursuant to Pa.R.Crim.P. 907 on August 7, 2015.

After discussion with appointed counsel on the matter, the [PCRA court] vacated the [o]rder dated August 4, 2015, on August 25, 2015, to allow Appellant additional time to respond to the motion to withdraw and to explain to the [PCRA court] why his PCRA [p]etition should not be dismissed for lack of merit. A second extension of time to allow Appellant an opportunity to respond was given on September 16, 2015. Having received a response from Appellant on September 24, 2015, the [PCRA court] again considered appointed counsel's motion to withdraw and once again granted leave to withdraw on October 8, 2015. In addition, the [PCRA court] having reviewed Appellant's PCRA [p]etition in detail, determined that there was no merit to Appellant's claims and that the [p]etition was filed untimely. Therefore, the [PCRA court] denied and dismissed Appellant's [p]etition on October 8, 2015, and informed [him of] his right to appeal.

PCRA Court Opinion, 4/22/16, at 1-2 (footnotes omitted).

Subsequently, Appellant filed a petition for permission to appeal in the Superior Court of Pennsylvania on November 6, 2015. Appellant proceeded to file a document titled "Oral Motion" on December 18, 2015. This Court entered an order on February 12, 2016, determining that Appellant's petition for permission to appeal would be treated as a notice of appeal. ***See***

- 2 -

*Commonwealth v. Sterner*, No. 153 EDM 2015, order, at 1 (Pa. Super. Filed Feb 12. 2016).

Appellant's brief fails to comply with the requirements of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2111, 2114-2119. Pursuant to Rule 2101,

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief of reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101. This Court is to construe liberally, materials filed by a *pro se* litigant; therefore, this Court will address discernible arguments in the defective brief in the interest of justice. *See Commonwealth v. Lyons*, 833 A.2d 245, 252 (Pa. Super. 2003).

In the matter *sub judice*, Appellant's seven paragraph brief does not assert any discernible issues on appeal. *See* Appellant's Brief at 1-2. Appellant's brief does not contain a question presented, argument, or issues on appeal. Appellant's brief is essentially a letter to this Court detailing some procedural history and as best we can determine, the general assertion that the certified record contains contradictory statements. Appellant does not identify any specific contradictory statements. Appellant's brief is woefully short of preserving or stating issues that would allow this Court to perform meaningful appellate review. Regrettably, even

though Appellant is *pro se*, and this Court construes filings from *pro se* litigants liberally, Appellants fails to inform this Court of any issues to review. Accordingly, we conclude Appellant's appeal is without merit. We direct that a copy of the PCRA court's April 22, 2016 opinion be attached to any future filings in this case.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/8/2016