J-S57042-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA     :     IN THE SUPERIOR COURT OF
                               :               PENNSYLVANIA
           v.                      :
                               :
ROBERT WRIGHT,                 :
                               :
           Appellant          :          No. 1734 EDA 2016

Appeal from the Judgment of Sentence entered on April 15, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-0013952-2014;
CP-51-CR-0013953-2014; CP-51-CR-0013954-2014;
CP-51-CR-0013955-2014; CP-51-CR-0013956-2014

BEFORE: PANELLA, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED NOVEMBER 15, 2017**

Robert Wright ("Wright") appeals from the judgment of sentence entered following his conviction of one count each of possession of a firearm prohibited, firearms not to be carried without a license, carrying a firearm on a public street in Philadelphia and possession of an instrument of crime, and four counts of recklessly endangering another person.[1] We affirm.

In its Opinion, the trial court summarized the factual and procedural history underlying the instant appeal. **See** Trial Court Opinion, 10/3/16, at 1-3. We adopt the trial court's recitation for the purpose of this appeal. **See id.**

Wright presents the following claims for our review:

[1.] With respect to the charges of carrying a firearm without a license, persons not to possess firearms, and carrying a firearm

---

[1] **See** 18 Pa.C.S.A. §§ 6105, 6106, 6108, 907, 2705.

[on a public street] in Philadelphia, was the verdict against the weight of the evidence and so contrary to the evidence that it shocks one's sense of justice where[]

a) the Commonwealth's evidence at trial consisted of no physical, forensic, or scientific evidence establishing [Wright's] possession or use of a firearm guilt;

b)  no firearm or evidence related to a firearm was recovered from [Wright,] or discovered during an unannounced search of [Wright's] home; and

c) [Wright] testified credibly at trial that he did not possess a firearm?

[2.]  With respect to the [four counts] of recklessly endangering another person …, was the verdict [] against the weight of the evidence and so contrary to the evidence that it shocks one's sense of justice where[]

a) the Commonwealth's evidence at trial consisted of no physical, forensic, or scientific evidence establishing [Wright's] possession or use of a firearm guilt;

b) no firearm or evidence related to a firearm[,] as recovered from [Wright] or discovered during an unannounced search of [Wright's] home;

c) [Wright] testified credibly at trial that he did not possess a firearm; and[]

d) assuming *arguendo* that the weight of the evidence indicates that no firearm was used by [Wright] during the alleged incident, no one was placed in danger of death or serious bodily injury[,] as required to sustain a conviction for [violating 18 Pa.C.S.A.] § 2705?

Brief for Appellant at 6.

In the Argument section of his brief, Wright addresses his two claims together.  Wright challenges his convictions as against the weight of the evidence, because "there is no forensic evidence whatsoever linking [him] to

- 2 -

a gun." *Id.* at 22. Wright asserts that there was no ballistics evidence recovered from the scene, despite a thorough search by police officers, "who arrived at the scene within minutes." *Id.* Wright directs our attention to testimony that there was no projectile found within the tire, nor an exit hole indicating that a projectile exited the tire. *Id.* at 23. Wright further directs our attention to the testimony that "everything was damaged" regarding the damage to the tire and fender surrounding that portion of the car. *Id.* at 24. Further, Wright states that Keona Henderson testified regarding the loud "boom" she heard as the car drove up over a curb. *Id.* at 24-25.

Wright additionally argues that the testimony regarding his possession of a firearm is similarly vague, as Kendra Forrest ("Forrest") testified that she saw "what appeared to be the butt or bottom of a gun in [Wright's] hand, but she could not describe the gun." *Id.* at 25. According to Wright, Forrest could not tell if the object was a revolver or a semiautomatic gun. *Id.* Wright directs our attention to Forrest's testimony that she did not see a gun in Wright's hand when he ran in front of her car, moments before breaking the window. *Id.* Wright asserts that "[t]he 'gun free' scenario in which [] Forrest hit a curb causing a flat tire as she sped away from the scene where Wright broke her window, comports with the physical evidence observed by police, the testimony of the Commonwealth's civilian witnesses, and the testimony of both defense witnesses." *Id.* at 26. For these

reasons, Wright contends that the trial court's conclusion that he possessed a gun "appears flawed." *Id.* at 27.

In its Opinion, the trial court addressed Wright's challenge to the verdict as against the weight of the evidence, and concluded that it lacks merit. *See* Trial Court Opinion, 10/3/16, at 3-7. We agree with the sound reasoning of the trial court, as set forth in its Opinion, and discern no error or abuse of discretion in this regard. *See id.* We therefore affirm on the basis of the trial court's Opinion with regard to Wright's claims. *See id.*

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/15/2017

**FILED**

OCT - 3 2016

Criminal Appeals Unit
First Judicial District of PA

IN THE COURT OF COMMON PLEAS
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
TRIAL DIVISION-CRIMINAL SECTION

COMMONWEALTH OF PENNSYLVANIA

v.

ROBERT WRIGHT

CP-51-CR-0013952-2014 Comm. v. Wright, Robert
Opinion



7886059911

: PHILADELPHIA COURT
: OF COMMON PLEAS
: CRIMINAL TRIAL DIVISION
:
: CP-51-CR-0013952-2014
: CP-51-CR-0013953-2014
: CP-51-CR-0013954-2014
: CP-51-CR-0013955-2014
: CP-51-CR-0013956-2014

**OPINION**

MCCAFFERY, J

Robert Wright (hereinafter "Appellant") has filed an appeal from the order issued by this Court on April 15, 2016, imposing judgment of sentence. For the reasons set forth below it is suggested that the said order be affirmed.

**PROCEDURAL HISTORY**

On February 10, 2016, following a waiver trial, Appellant was found guilty of numerous crimes under the above Bill and Term Numbers. On CP-51-CR-0013952-2014, he was found guilty of Possession of a Firearm Prohibited, 18 Pa.C.S § 6105, Firearms not to be Carried Without a License, 18 Pa.C.S § 6106, Carrying a Firearm on a Public Street, 18 Pa.C.S § 6108, Possessing an Instrument of Crime Generally, 18 Pa.C.S § 907, and Recklessly Endangering Another Person (REAP), 18 Pa.C.S § 2705. On CP-51-CR-0013953-2014, CP-51-CR-0013954-2014, and CP-51-CR-0013955-2014, he was found guilty of single counts of REAP on each Bill of Information. Finally, on CP-51-CR-0013956-2014, he was convicted of Simple Assault, 18 Pa.C.S § 2701, and REAP. On April 15, 2016, this Court imposed an aggregate sentence of five

1

to eleven years' incarceration. (N.T. 4/15/16, 31). Following the imposition of sentence, Appellant filed a post-sentence motion, which this Court denied on May 19, 2016. Appellant thereafter filed a timely appeal and a court-ordered Pa.R.A.P 1925(b) Statement of Matters wherein he raised two claims challenging the weight of the evidence.

## FACTUAL HISTORY

On October 18, 2014, during the early evening, Ms. Kendra Forrest attended a party at a friend's house located at 1515 East Cayuga Street in Northeast Philadelphia. (N.T. 2/10/16, 9-10, 19). When the party was ending, two women got into an argument outside the property. (N.T. 2/10/16, 13-15). Ms. Forrest, her two children, another child, and a man named Terrell Cartwright, who at some point, while the other argument was taking place, had gotten into an argument with Appellant, climbed into Ms. Forrest's car, who began driving home. (N.T. 2/10/16, 15, 90). [1] Before they left, Appellant began threatening to slap everyone there. (N.T. 2/10/16, 17).

As Ms. Forrest was driving away, Appellant ran toward her car holding a gun she believed to be a revolver. (N.T. 2/10/16, 18, 22, 33).[2] When he reached the car he smashed the front passenger window, which showered everyone in the car with glass, after which Ms. Forrest heard a "pow. " (N.T. 2/10/16, 18, 25).[3] Terrell was sitting in the passenger seat and had to go to a hospital because he suffered cuts from the broken glass. (N.T. 2/10/16, 23). Ms. Forrest drove a short distance away and contacted the police. (N.T. 2/10/16, 22). She later was interviewed by police and told them what Appellant had done to her car. (N.T. 2/10/16, 22).

---

[1] Terrell died after the incident; his death was unrelated to the instant matter.
[2] Ms. Forrest indicated that she saw the handle of the gun. (N.T. 2/10/16, 21, 41).
[3] Ms. Forrest later ascertained that a tire on her car had been flattened and Police collected the tire as evidence. (N.T. 2/10/16, 9-10).

2

Ms. Keona Henderson, Ms. Forrest's daughter, also attended the party and witnessed the argument between Appellant and Terrell that started after Appellant threatened to "smack" everyone. (N.T. 2/10/16, 49-51). After her mother began driving away, Ms. Henderson saw Appellant retrieve something from under a car and run toward Ms. Forrest's car. (N.T. 2/10/16, 51). Terrell then began yelling at Appellant, who ran up to the car and smashed the window with what Ms. Henderson believed to be a gun. (N.T. 2/10/16, 52).[4] Ms. Henderson then saw Appellant shoot at a tire on the car. (N.T. 2/10/16, 52). The glass from the window sprayed all over everyone in the car. (N.T. 2/10/16, 53).

Police investigation of the car and tire, which was flat, did not result in the recovery of a spent projectile, a gun, or other ballistic evidence. (N.T. 2/10/16, 64 ). The car, however, was full of glass. (N.T. 2/10/16, 65-66, 71).

Appellant testified in is own defense. Although he admitted breaking the glass on the car with the palm of his hand, he denied possessing a gun and said that he did not expect the glass to break. (N.T. 2/10/16, 113-114, 118). Appellant testified that he smacked the car because Terrell angered him by threatening to return and get him. (N.T. 2/10/16, 113).

He also presented the testimony of his grandfather, Frederick Cartwright. Mr. Cartwright testified that Appellant was not in possession of a gun during the incident, did not shoot at the tire, and broke the window on the car with his hand. (N.T. 2/10/16, 93, 95-96).

Appellant fled the scene before the police arrived. (N.T. 2/10/16, 93, 114-115).

## DISCUSSION

In his 1925(b) statement, Appellant argues that the verdicts were against the weight of the evidence. Specifically, with respect to the three convictions under the Uniform Firearms Act, he

---

[4] Ms. Henderson stated that she saw the bottom or handle of the gun. (N.T. 2/10/16, 52, 56).

3

contends that the guilty verdicts shock the conscience because the Commonwealth did not recover a firearm from Appellant's person or during a search of his home or find any physical evidence that Appellant possessed or used a gun or present any scientific evidence that Appellant possessed a firearm;. He also argues that he testified credibly that he did not possess a firearm. Regarding his convictions for REAP, he submits that the verdicts shock the conscience for the same three reasons set forth in his first claim. He further argues that "assuming that the weight of the evidence indicates that no firearm was used by [Appellant] during the alleged incident, no one was placed in danger of death or serious bodily injury as required to sustain a conviction for [18 Pa.C.S.] § 2705.

The standard in reviewing a weight of the evidence claim is well-settled:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's convict ion that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

Commonwealth v. Clay, 64 A.3d 1049, 1055 (Pa. 2013) (emphasis and citations omitted); see also Commonwealth v. Sanchez, 36 .3d 24, 27 (Pa. 2011) (stating that "[r]elief on a weight of the evidence claim is reserved for extraordinary circumstances, when the jury's verdict is so contrary to the evidence as to shock one's sense of justice and the award of a new trial is imperative so that right may be give n another opportunity to prevail." (citation omitted)).

The initial determination regarding the weight of the evidence is for the fact-finder. Commonwealth v. Jarowecki, 923 A.2d 425, 433 (Pa. Super. 2007). The trier of fact is free to

4

believe all, some or none of the evidence. Id. A reviewing court is not permitted to substitute its judgment for that of the fact-finder. Commonwealth v. Small, 741 A.2d 666, 672 (Pa. 1999). When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, appellate review of a trial court's decision is extremely limited. Unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, weight of evidence claims shall be rejected. Commonwealth v. Rossetti, 863 A.2d 1185, 1191 (Pa. Super. 2004).

Instantly, this Court determined that Appellant's weapons convictions did not shock the conscience because this Court found the testimony of the Commonwealth's fact witnesses credible and Appellant's to be self-serving and not truthful especially with respect to his claim that he broke the window with the palm of his hand. Both complainants presented similar testimony that they observed the bottom or handle of a gun in Appellant's hand, which he used to smash the front passenger window of the complainants' car and that they then heard a pop and experienced a flat tire. Ms. Henderson added that she saw Appellant fire the weapon. Evidence that the window had been smashed and the tire flattened was introduced at trial.

The lack of physical evidence that a gun was used in this case and the fact that no gun was found in Appellant's possession was considered by this Court. However, the absence of such evidence did not render the verdicts shocking to the conscience because Appellant fled the scene after the incident and there was no other plausible reason why the window shattered or the tire flattened. Thus, it is submitted that it simply cannot be said that this Court's determinations here were shocking. See Commonwealth v. Tharp, 830 A.2d at 528 (trial court did not abuse its discretion in denying relief on weight claim where "issue was ultimately one of credibility" and "the jury obviously chose to credit the Commonwealth's evidence and to reject the defense

5

theory of the case"); Gibson, 720 A.2d at 480-81 (appellant's weight claim failed where he asserted verdict was based on contradictory and unreliable testimony, as these issues were fully explored at trial and jury credited testimony of Commonwealth witnesses); Commonwealth v. Lyons, 833 A.2d 245, 259 (Pa.Super. 2003) "Where issues of credibility and weight of the evidence are concerned, it is not the function of the appellate court to substitute its judgment based on a cold record for that of the [jury]") (citation omitted). Accordingly, it is respectfully suggested that Appellant's claim with respect to this issue be deemed lacking in merit.

With regard to Appellant's second weight claim, it is suggested that no relief is due because this Court did find that Appellant possessed and used a gun despite the lack of any corroborative evidence based on the credible testimony of the two complainants and the rejection of Appellant's testimony. Thus, the fourth reason submitted by Appellant as to why the REAP convictions were against the weight of the evidence should be found not to entitle Appellant to relief because this Court did find that Appellant possessed a firearm during the incident.

It is noted that even had this Court determined that Appellant did not possess a firearm during the incident, the REAP convictions would not have shocked the conscience. A person recklessly endangers another person when he "recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S.A. § 2705. This offense requires proof for four elements: "1) a *mens rea* recklessness, (2) an actus reus some 'conduct,' (3) causation 'which places,' and (4) the achievement of a particular result 'danger,' to another person, of death or serious bodily injury." Commonwealth v. Reynolds, 835 A.2d 720, 727 (Pa.Super. 2003) (citing Commonwealth v. Trowbridge, 395 A.2d 1337, 1340 (Pa.Super. 1978)). Since the crime of REAP "is a crime of assault which requires the 'creation of danger' ",

6

"there must be an 'actual present ability to inflict harm,' " Commonwealth v. Rivera, 503 A.2d 11, 12 (Pa.Super. 1985). See also Trowbridge, 395 A.2d at 1340.

Appellant, by smacking the window of a moving car occupied with five persons with a force sufficient to shatter the window, manifested the reckless intent necessary to make out the crime. Appellant's act also exposed those in the car to death or serious bodily injury because the driver could have lost control of the vehicle and crashed. Therefore, for all of the foregoing reasons, Appellant should be denied relief with respect to this claim.

## CONCLUSION

Based on the foregoing, the order imposing judgment of sentence should be affirmed.

BY THE COURT,

Date: 10/3/2016

Daniel D. McCaffery, J.

7

## CERTIFICATION OF SERVICE

I, James Molinari, Esquire, Law clerk to the Honorable Daniel D. McCaffery hereby certifies that on the _3rd_ day of _OcT_ , 2016, by first class mail, postage prepaid, a true and correct copy of the attached opinion was served upon the following:

James R. Lloyd, Esquire
One Penn Center-Suite 999
1617 JFK Blvd.
Philadelphia, PA 19103

Hugh Burns, Esquire
Chief-Appeals Unit
Office of the Philadelphia
District Attorney
Three South Penn Square
Philadelphia, PA 19107

James Molinari, Esquire

8