J-A08006-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AQUIL M. RALIK | : | |
| | : | |
| Appellant | : | No. 3549 EDA 2018 |

Appeal from the Judgment of Sentence Entered December 7, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0000651-2018

BEFORE:  LAZARUS, J., KUNSELMAN, J., and McCAFFERY, J.

JUDGMENT ORDER BY LAZARUS, J.:                    **FILED MAY 11, 2020**

Aquil M. Ralik appeals, *pro se*, from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County.  After our review, we quash.

On January 20, 2016, Ralik assaulted a corrections officer at the Olney Transportation Center.  On January 8, 2018, Ralik appeared with court-appointed counsel in Philadelphia Municipal Court before the Honorable Lydia Kirkland.  Ralik informed the court he wished to represent himself and, after questioning Ralik, the court allowed him to proceed *pro se* and ordered appointed counsel to remain as backup counsel.  Following a waiver trial, Judge Kirkland convicted Ralik of simple assault and recklessly endangering another person (REAP) and sentenced him to twelve months' reporting probation.  The court also ordered him to attend anger management classes.

Following status hearings in March, May and June of 2018, before the Honorable Tracy Brandeis-Roman, Ralik informed the court he wished to proceed *pro se* with standby counsel. The court granted Ralik's request for standby counsel and explained to him his right to appeal in the form of a trial *de novo* or a writ of certiorari in the court of common pleas. On August 15, 2018, Ralik filed a writ of certiorari, *nunc pro tunc*, in the court of common pleas. Following a hearing, the Honorable Sharese I. Johnson denied relief.

Ralik filed this appeal, in which he raises ten issues for our review:

1. Whether the municipal court judge patronize[d] the appellant into trial and restricted the appellant in the role of a professional attorney.

2. Whether the municipal court record reflects the municipal court judge coerced [sic] the appellant['s] right to a quality appeal.

3. Whether the municipal court judge misled the appellant [with respect to] the proper scope of a *de novo* appeal.

4. Whether the municipal court judge was prejudice[d] against the appellant['s] pretrial issue and constituted a ***Brady*** violation.

5. Whether the municipal court judge erroneously ruled against appellant['s] pretrial issue.

6. Whether the municipal court judge denied the appellant [a] preliminary hearing without legal precedence or reference.

7. Whether the [C]ommonwealth['s] assistant district attorney decreased the protections of the [F]ourth [A]mendment using a legal action.

8. Whether the assistant district attorney changed the mode of trial to reflect summary proceedings by way of affidavit evidence.

9. Whether the appellant was giving an opportunity to confront the affiant in accordance with defendant['s] rights.

10. Whether the appellant was denied effective assistance from [standby] counsel guaranteed by the [C]onstitution.

Appellant's Brief, at 9-10 (unnumbered).

Pennsylvania Rule of Appellate Procedure 2101 requires that briefs must conform with the various appellate rules; if they contain substantial defects, the reviewing court may quash the appeal. *See* Pa.R.A.P. 2101. While "this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant." ***Commonwealth v. Lyons***, 833 A.2d 245, 251-52 (Pa. Super. 2003). Accordingly, a *pro se* litigant must comply with the rules of court, and "if a *pro se* appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure, we may quash or dismiss an appeal." ***Id.***

Here, the defects in Ralik's appellate brief are substantial and interfere with this Court's ability to provide effective appellate review. Specifically, Ralik's brief provides no argument to support his claims on appeal, in violation of Pa.R.A.P. 2119(a) ("*The argument shall be divided into as many parts as there are questions to be argued*; and shall have at the head of each part– distinctive type or in type distinctively displayed–the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.") (emphasis added).

We decline to serve as Ralik's appellate counsel. We, therefore, quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>5/11/20</u>