**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARON DOMINIQUE PARKS | : | |
| | : | |
| Appellant | : | No. 142 WDA 2023 |

Appeal from the Judgment of Sentence Entered January 9, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-CR-0005749-2020

BEFORE:  DUBOW, J., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: SEPTEMBER 24, 2024**

Appellant Daron Dominique Parks appeals from the judgment of sentence imposed following his convictions for first-degree murder and related charges. On appeal, Appellant challenges the trial court's evidentiary rulings and the jury instructions.  After review, we affirm on the basis of the trial court's opinion.

The underlying facts of this matter are well known to the parties.  ***See*** Trial Ct. Op., 7/6/23, at 6-11.  Briefly, Appellant and Ramonta Yancey (co-defendant) were charged with criminal homicide and related charges in connection with the murder of Tameka Dallas.  Following a jury trial, Appellant was convicted of first-degree murder, robbery of a motor vehicle, tampering

with evidence, and criminal conspiracy.[1,2]  On January 9, 2023, the trial court sentenced Appellant to consecutive terms of life for first degree murder, three to six years of incarceration for robbery of a motor vehicle, and three to six years of incarceration for criminal conspiracy.  **See** Sentencing Order, 1/9/23, at 1-2.  The trial court imposed no further penalty for tampering with evidence. **See id.** at 1.

Appellant did not file post-sentence motions.  Appellant filed a timely appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant presents the following issues:

1. Did the trial court err when it allowed the Commonwealth to cherry pick parts of a statement from a coded jail call and interpret it for the jury without allowing Appellant to offer the other part for context.  The [trial c]ourt violated the Rule of Completeness.  **See**[] Pa.R.E. 106.

2. Did the trial court erred [sic] when it denied Appellant the opportunity to clear up the misrepresentation caused by the denial because he ruled that the second part was a self-serving hearsay statement or a **Bruton** issue.[3]  The court said [co-defendant] could not cross-examine the statement.  The court disallowed an important part that provided context.

3. Did the court err when it allowed [co-defendant] to block the stipulation and thus enabled the Commonwealth to put on evidence that allegedly deciphered only part of that statement

---

[1] **See** 18 Pa.C.S. §§ 2502(a), 3702(a), 4910(1), and 903(a), respectively.

[2] The jury also convicted co-defendant of first-degree murder, robbery of a motor vehicle, tampering with evidence, and criminal conspiracy.  Co-defendant filed an appeal docketed at 13 WDA 2023, which we address in a separate memorandum.

[3] **Bruton v. United States**, 391 U.S. 123 (1968).

without context. Was the [trial] court fair and did it provide equal treatment?

4. Did the trial court err when it allowed the Commonwealth to use a non[-]expert to provide an opinion on the translation of the coded message? Detective Depaoli was not qualified as an expert and did not testify to having any training or job experience in interpreting coded messages. In fact, she testified that she just took a stab at it. The lay opinion was impermissible; she was not present during the conversation and did not have personal knowledge as to the discussion.

5. Did the trial court err when it allowed the Commonwealth an instruction on second degree murder with respect to robbery of a motor vehicle, without any evidence that the decedent['s] car was taken by force or that she was aware that her vehicle was being taken. In **Commonwealth v. Jones**, 771 A.2d 796 [(Pa. Super. 2001)], it says force is that of which the victim is aware and by reason of that force is compelled to part with his property.

6. Did the trial court err when it allowed the Commonwealth an instruction on second degree murder, Title 18, 3702 Robbery of a motor vehicle, when it is not specifically enumerated in the statue for murder in the second degree.

Appellant's Brief at 2-4 (formatting altered).[4]

---

[4] Appellant's Brief contains one single argument section, and it is difficult to understand which portions of the argument apply to the issues presented. **See** Appellant's Brief at 17-37. Pursuant to the Pennsylvania Rules of Appellate Procedure, the argument in Appellant's brief is required to be divided into separate sections for each question presented. **See** Pa.R.A.P. 2119(a) (stating "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part . . . the particular point treated therein"). On this basis, the Commonwealth urges this Court to quash the appeal. **See** Commonwealth's Brief at 13 (stating that Appellant's "statement of questions involved purports to raise six claims while Appellant's argument section is a rambling discussion in which it is difficult to discern where one 'issue' ends, and another begins" (some formatting altered)). Although we do not condone Appellant's failure to comply with our Rules of Appellate Procedure, we do not find that appellate review is
*(Footnote Continued Next Page)*

In its Rule 1925(a) opinion, the trial court aptly addressed Appellant's issues and correctly concluded that Appellant was not entitled to relief. **See** Trial Ct. Op. at 11-19. After careful consideration of the record, the parties' arguments, and the trial court's conclusions, we affirm on the basis of the trial court opinion. **See id.** Accordingly, we affirm.[5]

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 9/24/2024

---

completely precluded, and we will not quash the appeal. **See** Pa.R.A.P. 2101 (providing that if defects in the appellant's brief are substantial, the appeal or other matter may be quashed or dismissed); **see, e.g.**, **Commonwealth v. Lyons**, 833 A.2d 245, 252 (Pa. Super. 2003) (declining to quash where arguments can reasonably be discerned from the defective brief).

[5] The parties are directed to attach a copy of the trial court's opinion in the event of further proceedings.